## Meredith v. Commonwealth.

(Decided September 27, 1921.)

### Appeal from Edmonson Circuit Court.

Intoxicating Liquors—Indictment and Information—Limitation of Actions.—The conviction of appellant under an indictment charging a sale by him of liquor in violation. of section 2557b-2, Ky. Stats., within a year before the date of the finding of the indictment, November 17, 1920, was unauthorized by the evidence, which only showed a sale of liquor some time in the fall of 1919. If it was made in the fall of 1919 and before November 17th of that year, it was not sold within a year before the return of the indictment; hence the offense, if committed, was and is barred by the statute of limitations. As there was no evidence tending to prove that it was sold in the fall of 1919, and after November 17, 1919, and, therefore, within a year next before November 17, 1920, the date of the return of the indictment, refusal of the trial court to direct a verdict of acquittal as requested by appellant was reversible error.

MILTON CLARK for appellant.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and JOHN H. GILLIAM, Commonwealth's Attorney, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This is an appeal from a judgment of the Edmonson circuit court, upon the verdict of a jury finding appellant guilty under an indictment charging a sale by him of intoxicating liquor in territory where local option was in force, and fixing his punishment at a fine of $60.00 and ten days' confinement in jail, the offense charged being one defined and denounced by section 2557b-2, Kentucky Statutes.

The principal ground relied on by the appellant for the new trial refused him in the court below, and now urged by him for the reversal of the judgment by this

court, was, and is, that the evidence was insufficient to establish his guilt, indeed, that it wholly failed to do so, and, therefore, that the verdict and judgment are unsupported by and contrary to the evidence, which, it is claimed, entitled him to the peremptory instruction directing a verdict of acquittal, asked by him and refused by the trial court, at the conclusion of the Commonwealth's evidence and again at the conclusion of all the evidence.

This contention must be sustained, as the evidence contained in the bill of exceptions found in the record fails to show that the offense charged was committed within a year previous to the finding of the indictment, which was returned by the grand jury November 17, 1920. The trial and conviction of appellant occurred June 21, and during the June term, 1921, of the Edmonson circuit court, more than seven months after the return of the indictment. The Commonwealth introduced a single witness on the trial of appellant, one Joe Dugger, who testifed that he bought one quart of whiskey from appellant in Edmonson county, Kentucky, "in the fall of 1919," for which he paid him $3.00. The only evidence introduced by the appellant was furnished by his own testimony, in giving which he declared he did not sell Joe Dugger whiskey in the fall of 1919 or at any time. This was the entire evidence regarding the sale of the whiskey.

To make out its case it was necessary for the Commonwealth to prove more than that the sale of whiskey in question was made in the fall of 1919. It was indispensably necessary for it also to prove that the sale, if made, as stated by the prosecuting witness in the fall of 1919, was made in some part of that fall included within the year preceding the date of the finding of the indictment. There are three fall or autumn months in each year, viz.: September, October and November, and as the indictment was returned on the 17th of November, 1920, there was left nearly half of that month of the fall of 1919 in which the sale of the whiskey must have taken place in order for it to have occurred in the fall of 1919, and within one year of and before the finding of the indictment. On the other hand, if the sale occurred on, or between Sept. 1 and Nov. 17, 1919, though made in the fall of 1919, as stated by the Commonwealth's witness, it was made more than a year before the indictment was found; and if so made, the offense, both at the time

of his trial and when the indictment was returned, was, as insisted by appellant, barred by the statute of limitations requiring the prosecution of such a misdemeanor to be commenced within a year of the commission of the offense.

In a criminal prosecution, to authorize a conviction, the defendant's guilt of the offense charged must be established by the evidence beyond a reasonable doubt. Every fact essential to his conviction must be shown by the evidence, and where, as in this case, the Commonwealth's evidence presents two states of fact, under one of which the defendant is guilty and under the other he is not guilty, and the evidence wholly fails to show which state of fact is true, he is entitled to an acquittal. In the absence of evidence nothing can be presumed against the defendant, but he is entitled to the benefit of every doubt arising out of the evidence or lack of evidence, and every presumption of innocence until such presumption is destroyed by evidence. In the case at bar if the Commonwealth's witness, in addition to testifying as to his purchase of liquor of appellant in the fall of 1919, had also testified that the sale was made after November 17th of that fall, it would have been the province of the jury to determine the issue of fact made by such additional evidence and the appellant's positive denial of same, as in such case there would have been cause for letting the case go to the jury. But as there was no evidence tending to prove that the sale, though made in the fall of 1919, was made after November 17th of that fall, neither the trial court nor jury had a right to presume that it was made after that date. On the contrary, the presumption of innocence left by the absence of this necessary proof, to affirmatively prove which the burden was on the Commonwealth, entitled appellant to the directed verdict of acquittal requested by him.

As the conclusion expressed compels the reversal of the judgment appealed from, it is deemed unnecessary to pass upon the minor errors complained of, which doubtless will be avoided upon another trial. For the reasons indicated, the judgment is reversed and cause remanded for a new trial consistent with the opinion.