## Martin v. Commonwealth.

(Decided January 9, 1923.)

### Appeal from Floyd Circuit Court.

Intoxicating Liquors—Transportation of Liquors—Limitation of Actions.—To authorize the conviction of one accused of the offense of unlawfully transporting spirituous liquors, it is necessary for the Commonwealth to prove that the offense was committed within a year next before the finding of the indictment, otherwise it would be barred by the statute of limitations applying to misdemeanors. And as in this case there was no evidence conducing to prove that the accused committed the offense named within a year next before the finding of the indictment charging him with same, the refusal of the trial court to direct a verdict of acquittal as requested by him was reversible error.

B. M. JAMES for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellant, under an indictment for the offense of unlawfully transporting intoxicating liquor, having been tried in the court below and found guilty by verdict of a jury, which inflicted upon him, by way of punishment, a fine of $300.00 and imprisonment of 60 days in jail, has appealed from the judgment entered upon the verdict.

We find from a careful reading of the bill of evidence that the single witness in behalf of the Commonwealth not only wholly failed to fix the time of the commission of the offense with which the appellant was charged, or to state any fact or circumstance from which it could reasonably be inferred that it was committed within a year next before the finding of the indictment, but, in addition, admitted on cross-examination his inability to do so. This failure of proof on the part of the Commonwealth was not, as claimed by counsel for appellee, supplied by any evidence introduced by the appellant. The latter and his witnesses merely admitted their presence on Hunts branch on the occasion the Commonwealth's witness stated he was given a drink of whiskey by appellant out of a bottle carried on his person, but each of them denied the giving of the drink to the witness by the appellant and none of them stated, or was asked to state, the date or time of the meeting on Hunts branch. It follows from the Commonwealth's failure of proof that the trial court's refusal to sustain the appellant's motion for a directed verdict of acquittal was reversible error.

To make out its case it was necessary for the Commonwealth to prove that the offense charged was committed within twelve months before the finding of the indictment, otherwise it would be barred by the statute of limitations applying to misdemeanors. Medideth v. Comlth., 192 Ky. 378. For the reason indicated the judgment is reversed and cause remanded for a new trial not inconsistent with the opinion.