## Burton v. Bradshaw.

(Decided Nov. 13, 1936.)

W. N. FLIPPIN for appellant.

H. C. KENNEDY and W. R. JONES for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

There is a sewage line running under and across the lot of F. E. Bradshaw, and emptying into a sink hole on the lot of J. L. Burton. Bradshaw brought this action against Burton to enjoin him from interfering with his right to open up the sewage line, and to require Burton to remove the obstruction. From a judgment granting the relief prayed, Burton appeals.

The facts are these: About 30 years ago Mrs. Tutt erected residences on four lots owned by her in the town

of Burnside. At the same time she constructed a sewage line across each of the lots and the line emptied into a sink hole on the fourth lot. The first lot is now owned by Mrs. Kelsay, the second by Lonnie Bryant, the third by appellee, and the fourth by appellant Burton. Appellant bought his lot about 20 years ago and appellee bought his lot 17 or 18 years ago. About a year and a half after his purchase appellant learned that the sewage line was in existence and ran across his lot. Occasionally the line would get stopped up and the owners would make up the money and generally hire appellant to repair the line and remove the obstruction. A few months before suit was brought the sewage backed into appellee's kitchen and appellant would not permit the obstruction to be removed.

Reversal is first asked on the ground that the court erred in overruling appellant's special demurrer for defect of parties. The argument is that Mrs. Kelsay and Lonnie Bryant, owners of the other two lots across which the sewer runs, are united in interest with appellee within the meaning of section 24, Civil Code of Practice, and therefore necessary parties. The easement is appurtenant to each lot, and the right of enjoyment is personal to each owner. While it may be that the other owners are interested in keeping the sewer unobstructed, it is apparent that appellee, whose lot adjoins that of appellant, has suffered a special injury and may sue for the protection of his rights independently of any action that the other lot owners may be inclined to take. We therefore rule that the special demurrer was properly overruled.

Another contention is that the general demurrer should have been sustained. The argument is that the petition as amended did not show that appellee was the owner or the joint owner of the easement by grant or adverse possession. It is our conclusion that the petition as amended was not so defective as to require a reversal, but that any defects were cured by the proof and the finding of the chancellor. Whether the original establishment of the easement for the benefit of the four lots would have been binding upon the purchasers without more, we need not inquire. As a matter of fact, appellant learned of the existence of the easement about a year and a half after the purchase of the lot and about 18 years before the suit was brought. During all that

time it was used by appellee and the other lot owners as a matter of right, with the knowledge and acquiescence of appellant. It follows that, whatever may have been appellant's rights had he acted promptly after his purchase, adverse user for more than 15 years has come to the aid of appellee and his easement has become perfected by time. McCarty v. Blanton, 219 Ky. 450, 293 S. W. 958.

Another insistence is that the judgment should be reversed because the case was prematurely tried. There may be cases where the premature trial of a case is prejudicial, but that is not the situation here. The case was an important one and required immediate action. The pleadings were made up. Appellant, though objecting to the trial, did not claim that any of his witnesses were absent, or that he was otherwise unprepared, or show in any way that a postponement would better his position. In the circumstances, it is not perceived how appellant was prejudiced in any way by the action of the court, and we are not disposed to reverse a judgment and direct that the same judgment be entered.

Lastly it is insisted that the court erred in trying the case on oral testimony. There is no merit in this contention, as subsection 2, sec. 552, Civil Code of Practice, expressly provides that the court may in any equitable action before the proof has been taken order that the evidence be heard by the judge in the same manner as testimony is introduced in ordinary actions, in which event the parties may have the evidence taken and transcribed as in ordinary actions.

On the whole, we find no error in the record prejudicial to appellant's substantial rights.

Judgment affirmed.