## Commonwealth v. Begley.

(Decided May 20, 1938.)

M. C. BEGLEY and HUBERT MEREDITH, Attorney General, for appellant.

C. W. HOSKINS and J. H. ASHER for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This suit was instituted in February, 1938, in the Leslie circuit court in the name of the Commonwealth, by its Attorney General, Hubert Meredith, against Pearl Begley, under the provisions of section 483, Civil Code of Practice.

The suit, as will hereinafter be shown, was by the said Attorney General authorized to be brought to oust Pearl Begley from the office of member of the County Board of Education of Leslie county, to which he had been elected at the general November, 1935, election.

The petition states that:

"At said election two members of said Board were to be elected and the defendant, having received a certificate from the election commissioners of said County showing that he had been elected to said office, took the same and appeared before the

County Superintendent of Schools of Leslie County on January 6, 1936, said day being the first Monday in January, 1936, and attempted to qualify for said office by taking the oath required; that thereafter the defendant took charge of and assumed said office and has pretended to hold same and pretended to act in an official capacity as a member of said board ever since, and pretends now to perform the duties of said office and receives the fees and emoluments thereof without right or authority.''

Further the petition charges that:

''The defendant was not eligible to receive or accept said election or to hold said office either when elected or at any time since, for the reason that at the time of his election he was a servant of the said Board of Education, employed by said Board as a teacher, and had a contract to teach in the schools of Leslie County, for which services he received the school funds of Leslie County; and that he had never resigned said position, and, as a matter of fact, continued to teach under his contract with said Board, and receive the Leslie County School funds therefor up until the 3rd day of January, 1936.''

The petition further alleges that:

''Defendant's pretended election, his certificate of election and his qualification were each and all null, void and of no effect, and he is, therefore, a usurper of said office, because of the facts herein stated,''

in that his certificate of election and qualification as such were in violation of the provisions of section 4399-22, Kentucky Statutes.

By reason of such being the charges and allegations of the petition, it concluded with the prayer that the defendant be required to answer by what warrant he claims to have, use, exercise, and enjoy the office of member of the Board of Education of Leslie county, and that he be adjudged not entitled to same and that a judgment of ouster from said office be pronounced against him.

By an amended petition filed, it was further alleged that on July 22, 1935, the defendant, Begley, had

entered into a written contract with the Board of Education of Leslie county, whereby he contracted with it to teach school in Leslie county for a term beginning July 26, 1935, and continuing for seven months of actual teaching; that by the terms of the contract he agreed to comply with the state school laws and to be subject to legal supervision and assignment by the County Board of Education; that it was further agreed by said written contract that defendant should be paid for his services a salary in accordance with the salary schedule adopted by the Leslie County Board of Education.

Further the plaintiff alleged that the defendant accepted this contract, abided by its terms, and taught in the public schools of Leslie county under his teacher's contract had with the board, up to and including January 3, 1936, the date upon which he was sworn in and qualified as a member of it.

Further, the plaintiff alleged that the defendant was paid the agreed teacher's salary of $68.80 per month for his services rendered as teacher, for each of the six months he taught, by monthly checks issued him for his services rendered, each of which checks, so paid the defendant, represented a portion of the public school funds paid to him under this teaching contract.

Further, it alleged that said teaching contract made with him for a seven-month period of teaching service commenced July 22, 1935, was in full force and effect at the time of the November, 1935, election, at which defendant claims to have been elected a member of the board, and that, by reason of defendant's employment under said written contract by the school board and his then serving it as teacher thereunder, at the time of his alleged election, he was not eligible for election to same, since he was disqualified by and his election was in violation of the mandatory inhibitions of section 4399-22, Kentucky Statutes. The material and determining facts so alleged were by force of the demurrer filed thereto admitted to be true.

To this petition the defendant filed a special demurrer, rested upon the ground that there was shown by the petition to be a "defect of parties plaintiff," and also, without "waiving same, but insisting that it be considered and sustained," filed general demurrer to the petition.

The court, in passing upon the sufficiency of the special demurrer, ruled, as appears by his memorandum opinion made thereof, that:

"The Code provides that actions of this kind must be brought by the Attorney General, and while the case is styled the Commonwealth of Kentucky, by Hubert Meredith, its attorney general, the court is of the opinion that the petition will have to be signed by the Attorney General or by one of the Assistant Attorney Generals for the Commonwealth; it is the opinion of the court that the petition as signed, to-wit, M. C. Begley, Attorney for Plaintiff, does not meet the requirements of the Code.

"The Attorney General will be permitted, and is now given permission, to sign said petition, and when signed by him or by any one of the Assistant Attorney Generals will be a compliance with this order, provided same is done on or before the 7th day of the present term of this court."

Thereupon the defendant, Begley, filed, without waiving his special demurrer, a further motion asking for a rule against M. C. Begley, who alone, it appeared, signed the petition, as attorney of record for the plaintiff, Commonwealth of Kentucky, requiring him to produce and file in court his authority, if any he had, for instituting and prosecuting the said action in the way that it is styled, signed, and prosecuted, which motion he supported by affidavit of his attorney.

The motion averred, among other things, that after this case was heard upon defendant's special demurrer to the petition, and when the lower court had indicated his ruling would be adverse to plaintiff on the ground that the Attorney General had not signed the petition, the said John D. Begley, superintendent of the Leslie county schools, at whose instance and instigation it was averred this suit was prepared and filed by M. C. Begley, alone, as his attorney, and whose motive for so suing was the defendant's opposition to the said John D. Begley's re-election as county superintendent, took the original and amended petitions, without permission of the court, to Frankfort, where he "procured to be written on each of said pleadings what purports to be the signature of Hubert Meredith, Attorney General of Kentucky," and then returned said records to this court.

To this motion and affidavit of the defendant, plaintiff filed a counter motion to strike same, which was also supported by affidavit of his attorney, controverting the aforesaid affidavit of the defendant's attorney, Hoskins.

Upon submission of the cause for a ruling upon these motions, the court ruled that the first and fourth paragraphs of defendant's motion should be sustained, whereby the plaintiff and his attorney were ordered to make their response more definite, (1) by requiring plaintiff's attorney to state in writing whether or not this suit was prepared and filed by himself, as attorney for the Commonwealth, with the aid of the Attorney General and (4) by requiring the attorney to state whether the request to appear herein by the Attorney General, as stated in his affidavit, was oral or in writing and, if in writing, that he be required to file same.

In compliance with the requirements of this order, the appellant filed a second amended petition, wherein it alleged that "the facts set forth in the original and amended petition were presented and made known to the Attorney General of Kentucky by J. D. Begley, Superintendent of Schools of Leslie County, Kentucky, and said facts appeared to the Attorney General of Kentucky to be sufficient to warrant the filing of this action and he thereupon gave to the said J. D. Begley, as superintendent aforesaid, written authority to have ouster proceedings instituted in his name against the defendant, Pearl Begley," which written authority consisted of a letter addressed to the said J. D. Begley, authorizing him to take the necessary steps in the prosecution of the said ouster proceedings, and which letter is as follows:

"I hereby give you authority to institute ouster proceedings in my name against John L. Wilson and Pearl Begley, School Board Members of Leslie County, who are allegedly disqualified from holding the office, and you may take any necessary steps in the prosecution of same through the courts."

Upon the filing of such pleading and exhibit, the court entered an order, wherein it was stated that, "a rule having been awarded against M. C. Begley, attorney herein, to show certain matters by way of authority in this action and having filed answer thereto by

way of amended petition, and having fully answered, the rule is now discharged." Further, the cause having been thereupon submitted to the court on special demurrer to the petition and same as amended, it overruled same.

As to this, we feel it sufficient to say that, while defendant objected and excepted to the court's overruling of his special demurrer, the merit of the exception is not here presented by a cross-appeal on the part of the defendant, assailing the ruling, and therefore it is unnecessary to enter upon any extended discussion of the propriety of the ruling, which we approve as being in harmony with the holding made in the case of Commonwealth v. Roberta Coal Co., 186 Ky. 394, 216 S. W. 584, upon questions there presented, which are very similar to those here presented by the special demurrer. The court there said (page 588):

"We are * * * of the opinion that, if the suit was in fact brought by the Attorney General, the mere circumstance that other attorneys not connected with his office joined with him as counsel for the plaintiff did not authorize the dismissal of the suit, upon the ground that it was dismissed by the lower court.

"If the Attorney General does in fact bring such a suit as this, it will be a suit in the name of the commonwealth, brought by the Attorney General, although other counsel not employed in the manner authorized by the statute may be associated with him in the prosecution of the suit. *The statute does not prevent the Attorney General from having the assistance of other counsel in cases brought by him, when such other counsel with his consent volunteer their services without any expense to the state.*" (Italics ours.)

Here, as in the Roberta Coal Co. Case, M. C. Begley, it is undisputed, volunteered to perform these legal services in conjunction with the Attorney General and did perform them without charge made the State therefor

It is further argued by appellee that the association with the Attorney General of this volunteer attorney, M. C. Begley, was erroneous, in view of the provisions of section 112-5, Kentucky Statutes, that

other counsel are not to be employed by the Attorney General, except in an emergency, etc.

Appellee insists that there was no emergency here shown to exist, in that the defendant trustee, sought to be ousted by this proceeding, was merely now serving as a member of the board, which service he had assumed upon his qualification as such in January, 1936.

As was further said in the Roberta Coal Co. Case, supra:

"Whether an emergency exists that will warrant the employment of special counsel is a question that must be determined by the Attorney General, and when his request for special counsel falls within the reasonable bounds of the statute the courts will not interfere with the employment. * * * The Attorney General is the chief law officer of the state, and the Legislature in its wisdom thought it well to leave with him and to his sound discretion, subject to the limitations of the statute, the authority to determine when it was best for the interest of the state that special counsel should be employed to assist him in the discharge of duties required by the statute."

Upon final submission of the cause for judgment upon defendant's general demurrer, which was extended to the petition as amended, the court was of the opinion that the petition and petition as amended did not state a cause of action against the defendant and sustained the general demurrer thereto.

Thereupon, the plaintiff declining to plead further, its petition was dismissed, to which ruling the plaintiff excepted and prayed an appeal, which was granted, and the same is now before us.

Appellant seeks a reversal of this judgment upon the ground that it is alleged and shown in the petition that when the appellee, Pearl Begley, was elected to the office as a member of the Board of Education of Leslie county, he was at the time a teacher, under written contract with the Board of Education, in the public schools of Leslie county, and, as such servant of the board and for his services rendered it, he was being paid and receiving the county's school funds, in violation of the provisions of section 4399-22.

The provisions of this statute were considered and

construed in the recent case of Whittaker & Wilson v. Commonwealth, 272 Ky. 794, 115 S. W. (2d) 355, where the same question as that presented in the instant case was duly considered and decided in accord with appellant's contention.

In that case, Wilson, who held a teacher's contract at the time of his election to the Board of Education, was held to have been ineligible for election to the office under the applicable provisions of the statute, and his office, by reason of such disqualification, was adjudged vacant.

Discussing this question as presented in the Wilson Case, supra, we said (page 357):

"The Wilson Case calls for a discussion of a portion of the qualification statute, section 4399-22, distinct from that hereinabove discussed. That part reads:

"'No person shall be eligible to this office who at the time of his election is directly or indirectly interested in the sale to the board of books, stationery, or any other property, materials, supplies, equipment, or *services for which school funds are expended*. If, at any time after the election of any member of such board, he shall become interested in any such contract with or claims against the board, * * * his office shall without further action be vacant, and it shall be filled as hereinafter provided.' * * *

"Under these provisions there can be no doubt that whatever disqualification was intended is a disqualification of the candidate for election to the office, if it exists at the time of election. Counsel for appellant Wilson does not contend otherwise, nor could such contention be made with any degree of success. It is observed that the latter portion of the section provides for disqualification 'after election,' and upon the same grounds as constitute the disqualification, if such existed at the time of election. The Legislature intended to provide against either contingency. Therefore, we cannot escape the conclusion that it was intended that if the conditions named existed at the time of the election, the person affected thereby was disqualified to hold the office of school board member."

Being of the opinion that our construction of this statute, as made in the Wilson Case, supra, is here controlling and determines our decision of the same question here presented upon exactly analogous facts, and wherein we held that Wilson was not entitled, by reason of his election under such circumstances being in violation of the applicable provisions of this statute, to hold membership on the Board of Education, it follows that the judgment below was erroneous in sustaining the demurrer to the petition and dismissing it.

Therefore, the judgment here rendered being not in harmony therewith, it is reversed, with directions to overrule the demurrer and enter judgment declaring the appellee's office vacant.