# Commonwealth v. Wilson.

(Decided May 27, 1938.)

M. C. BEGLEY and HUBERT MEREDITH for appellant.

C. W. HOSKINS and J. H. ASHER for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This is a companion case with that of Commonwealth v. Begley, 273 Ky. 636, — S. W. (2d) —, decided May 20, 1938. Both were ouster suits brought respectively against two present members of the Board of Education of Leslie County, charging that because of alleged statutory disqualifications, they were usurpers of and ineligible to serve out their terms of office, to which they had been elected at the general November, 1935, election.

In the Begley Case, the disqualification charged was that at the time of his election as stated, he was rendering services to the County Board of Education under a teacher's contract had with it and under which he continued to serve the board, in violation of the prohibitory provisions of the statute, even up to the time of his qualifying and accepting the office of member on the board in January, 1936.

In the instant companion case, the petition alleges that the defendant, John L. Wilson, at the general November election, 1935, was elected a member of the county board and issued a certificate of election, and thereafter on January 6, 1936, next following, that he qualified as such officer and took charge of said office and has since pretended to hold and perform the duties

and receive the emoluments of said office without right or authority.

It was further here charged that "the defendant was not qualified or eligible to receive or accept said election or to hold said office, either when elected or at any time since, and that his attempted election and qualification are void and of no effect, for the reason that the defendant was not, at any of the times mentioned, a voter of legal age and residence who * * * could show the completion of the eighth grade of the common school by any school record, or by affidavits of the teacher or teachers under whom the eighth grade of the common school was completed, or by an examination held by the State Board of Education in accordance with prescribed rules and as provided by law, and, in fact, possessed no education equal to or surpassing that of the fourth or fifth grade of the common school" and that, "for the foregoing reasons the pretended election of the defendant and his pretended qualification to said office are null, void and of no effect, and he is therefore a usurper."

The petition concluded with the prayer that the defendant "be required to answer by what authority or warrant he claims to have, use, exercise and enjoy the office of member of the Board of Education of Leslie County and that he be adjudged not entitled thereto; and that a judgment of ouster from said office be pronounced against him."

To this petition, defendant filed both a special and general demurrer, the first based upon the ground that there was a defect of parties plaintiff, in that the action was not instituted by the Attorney General or anyone having legal authority from him to do so, nor was the petition signed by him.

The trial court first disposed of various motions of defendant challenging the authority of the attorney to bring the ouster action, or that he had been legally authorized by the Attorney General to act as his assistant and associate in its bringing, and upon such authority being shown to have been given, it overruled the special demurrer and, further, defendant's motion to dismiss the action on the ground that it was not instituted by the Attorney General.

We deem it unnecessary to here review and re-

iterate what was said by us in the Begley Case, when approving the lower court's conclusions reached and rulings made upon this point likewise therein raised, in that all the pleadings and motions were there exactly the same as are here presented and reargued. In fact, we are not called upon to here again review the propriety of the court's decision of the question, as no cross-appeal has been prosecuted by the defendant, seeking a reversal of such rulings.

Upon submission of this cause upon defendant's general demurrer to the petition, the court sustained the demurrer upon the ground that the petition did not state a cause of action against the defendant. Whereupon, the plaintiff declining to plead further, the court dismissed his petition.

He appeals, contending that he is entitled to a reversal of the judgment because of the court's error in sustaining defendant's demurrer to his petition, in that, by the allegations of his petition, it was sufficiently and substantially charged that the defendant was ineligible to occupy the office of member of the Board of Education as he, not having completed the eighth grade of the common school at the time of his election and later induction into office, did not possess the educational qualifications mandatorily required by the statute.

The provisions of the statute, section 4399-22, declaring what shall be the necessary qualifications of one seeking election to the office of member of a County Board of Education, are that:

"A person to be eligible to membership on a board of education must have attained the age of twenty-four years, must have been a citizen of the Commonwealth of Kentucky for at least three years preceding his election and must be a voter of the district for which he is elected. He must have completed at least the eighth grade in the common schools as shown (a) by the records of the school in which said eighth grade was completed; or (b) by affidavits of the teacher or teachers under whom the work was completed; or (c) by an examination to be held under such rules and regulations as may be adopted by the State Board of Education for holding such an examination."

Also by this section it is provided that:

"If, at any time after the election of any member of such board, * * * he shall do or incur anything which would have rendered him ineligible for re-election, his office shall without further action be vacant, and it shall be filled as hereinafter provided."

The petition alleged, as above set out, that the defendant did not possess this statutory educational requirement for election to a position upon the board, "for the reason that the defendant was not, at any of the times mentioned (that is, either at the time of his election or of his later qualification thereunder as a member of the board, or since assuming the duties and receiving the emoluments of the office), a voter of legal age and residence who * * * could show the completion of the eighth grade of the common school by any school record, or by affidavits of the teacher or teachers under whom the eighth grade of the common school was completed, or by an examination held by the State Board of Education in accordance with prescribed rules and as provided by law (section 4399-22) and in fact possessed no education equal to or surpassing that of the fourth or fifth grade of the common school."

It would appear that by any reasonable interpretation of these allegations thus made, even if not expressed with the directness and clarity desirable, they must be held to have substantially charged that the defendant did not have this essential and required statutory educational qualification and that therefore, by reason of his lack of it, he was rendered ineligible for election to the office of member of the Board of Education. Further, the alleged fact of the defendant's lack of this statutory educational qualification was admitted by the demurrer to be true.

We deem it inappropriate to here enter upon an extended discussion of the arguments, pro and con, advanced by the respective parties hereto, as to whether the trial court erred in its ruling sustaining the defendant's demurrer to the petition, as failing to state a cause of action, inasmuch as the identical question as here presented was also, under precisely analogous facts as those here found presented, thoroughly considered and discussed by us and decided adversely to defendant's contention in the very recent case of Whittaker et al. v. Commonwealth ex rel. Attorney General,

272 Ky. 794, 115 S. W. (2d) 355, and its companion case, Commonwealth ex rel. Meredith, Attorney General, v. Norfleet, 272 Ky. 800, 115 S. W. (2d) 353.

In the first case, as well as in the latter, a similar ouster proceeding was brought; that against Whittaker upon the ground that he was ineligible to occupy the office of member of the County Board of Education as, at the time of his induction into office, he had not completed the eighth grade of the common school.

Whittaker answered, denying the allegations of the petition. In discussing the question presented, as to whether or not Whittaker was ineligible to hold his position upon the Board of Education, by reason of his failure to establish, in any of the ways or manner required by the statute, supra, his possession of the educational qualifications required by the act for his election to or service upon the board, we said (page 357):

"We need only to refer to the companion case of Com. ex rel. v. Norfleet, * * * [272 Ky. 700] 115 S. W. (2d) 353, in which we expressed our view of the meaning, intent, and purpose of the applicable portion of section 4399-22, Kentucky Statutes, definitely pointing out the method of proving the educational qualifications of one who seeks to become a member of the County Board of Education. We held therein it was mandatorily required that such qualification must be manifested by (a) the record of the school in which the eighth grade was completed, or (b) the affidavit of the teacher or teachers who taught the pupil through the eighth grade. Further that qualification might be attained by compliance with (c).

"The appellant Whittaker failed to meet the requirement of (a); his attempt to meet (b) did not measure up to that requirement, and he failed to take advantage of (c) by examination. * * *

"Under these provisions there can be no doubt that whatever disqualification was intended is a disqualification of the candidate for election to the office, if it exists at the time of election. * * * It is observed that the later portion of the section provides for disqualification 'after election,' and upon the same grounds as constitute the disqualification, if such existed at the time of election. The

Legislature intended to provide against either contingency. Therefore, we cannot escape the conclusion that it was intended that if the conditions named existed at the time of the election, the person affected thereby was disqualified to hold the office of school board member."

In view of our conclusion reached in the Whittaker Case, supra, as well as in the Norfleet Case, upon the identical question presented upon analogous facts as the question again here presented, we are of the opinion that the decision therein reached is both controlling and conclusive of the question here before us. Upon the authority of the above cases, it is our conclusion that the judgment of the lower court is erroneous, for which reason it is reversed, and cause remanded with directions to set it aside, overrule the demurrer, and for further proceedings consistent herewith.