## Commonwealth ex rel. Funk Atty. Gen. v. Robinson.

December 12, 1950.

Rehearing Denied February 9, 1951.

Ervine Turner, Judge.

Kash C. Williams and G. C. Allen for appellant.

J. Blaine Nickell, John A. Keck and Amos H. Eblen for appellee.

JUDGE CAMMACK—Reversing.

This action was instituted by the Commonwealth on relation of A. E. Funk, Attorney General, to have Robert Robinson declared ineligible to serve as a mem-

ber of the Wolfe County Board of Education. It was charged that he was ineligible because at the time of his election in November, 1948, he was interested in the sale of his services to the Board of Education in violation of KRS 160.180. Robinson admitted that he was elected to the Board and that he entered upon the discharge of his duties in January, 1949. All other allegations in the petition were denied. Evidence was taken by both parties and, upon submission of the case, the court ruled that Robinson was eligible to hold the office to which he was elected and dismissed the Commonwealth's petition.

Robinson held a valid teaching certificate and taught in the Wolfe County schools in 1941-42. In February, 1948, he filed an action against Emma Risner, E. T. Kash, Jr., C. E. Cable, M. H. Lovelace, and Price Sewell, members composing the Wolfe County Board of Education, and Arnold Rose, Superintendent of Wolfe County Schools and Secretary and Treasurer of said School Board, wherein he asserted a claim for damages for their failure to employ him during the school term. The Board of Education demurred to the petition. The demurrer was sustained and Robinson was given time to amend his petition. Before the expiration of this time limit Robinson dismissed his cause without prejudice.

In April, 1948, Robinson announced his candidacy for membership on the Wolfe County Board of Education. On May 25th, he mailed his application to the Board for a teaching position in the Wolfe County schools. On June 7th, on recommendation of the county superintendent, the Board employed Robinson as a teacher for the school year 1948-49. On August 6th, Robinson was notified of his employment and that he was to teach in the Laurel School. He admits he received the notice of August 6th; however, he did not begin teaching when the term began on August 9th. He did not teach any during the 1948-49 term. On August 26th, Robinson notified the Board that he would be unable to teach during the 1948-49 school year and that he desired to withdraw his application and, in the event he had been employed, he thereby resigned. On September 2nd, he wrote a second letter stating that he had not entered into a contract to teach in the Wolfe

County schools; that he had rendered no services as a teacher; and that he did not expect any compensation for that year. The county superintendent advised Robinson by letter that his resignation would not be accepted. He was further advised that a substitute teacher had been employed and that his position was being held open for him. On September 17th, the county superintendent again wrote Robinson stating that he would be unable to recommend to the Board acceptance of his attempted resignation. Robinson was urged in that letter to comply with the terms of his contract.

KRS 160.180 provides that a person shall be ineligible to membership on the Board of Education: "(e) Who, at the time of his election, is directly or indirectly interested in the sale to the board of books, stationery or any other property, materials, supplies, equipment or services for which school funds are expended; * * *." Teaching services were held to come within the scope of this statute in the case of Whittaker v. Commonwealth, 272 Ky. 794, 115 S.W.2d 355.

KRS 161.780 relates to the termination of a contract by a teacher or a superintendent. This section follows: "No teacher or superintendent shall be permitted to terminate his contract within thirty days prior to the beginning of his school term without the consent of the board; any such teacher or superintendent shall be permitted to terminate his contract at any other time when schools are not in session by giving five days' written notice to the employing board of education. Upon complaint by the employing board to the State Superintendent of Public Instruction and after investigation by him, the certificate of a teacher or superintendent terminating his contract in any other manner than provided in this section may be suspended for not more than one year."

It is obvious from the facts set forth above that Robinson could not terminate his contract in the manner in which he attempted. It was he who put in motion the steps taken concerning his teaching status in the Wolfe County schools by filing his application for a position in May. He did this notwithstanding the fact that he had announced his candidacy for a member of the Board of Education several weeks prior to that time. It may be that his actions were such as would

have estopped him to assert a claim for teaching services during the school year 1948-49. But we are not concerned with that phase of the case. Under the ruling in the case of Amburgey v. Draughn, 288 Ky. 128, 155 S.W.2d 740, there was a binding contract between Robinson and the Wolfe County Board of Education. It is clearly shown that the Board repeatedly asserted it did not want the contract canceled. The Board could have asserted any rights it might have had under the contract, to say nothing of the fact that a disciplinary proceeding could have been filed against Robinson with the State Superintendent of Public Instruction under the latter part of KRS 161.780. At the time of Robinson's election as a member of the Board of Education his direct or indirect interests in the sale of his services were such as to come within the scope of KRS 160.180.

We take the same view of the suit in which Robinson had dismissed his petition without prejudice. There was no final court order disposing of that claim. He could reassert his rights, whatever they are, at any time within the limitation period. The contention is made that this claim was not asserted against the Board of Education, but rather against the individual members of the Board. However, we fail to see how this could alter the situation. The basis of the claim was that Robinson had been denied the right to a teaching position. Actually, the School Board participated in the proceeding by the filing of the demurrer. In any event, we think the situation one which comes within the scope of the provisions of KRS 160.180 quoted above.

Judgment reversed, with directions to set it aside, and for the entry of a judgment consistent with this opinion.