## Duvall v. Commonwealth.

(Decided April 13, 1923.)

### Appeal from Edmonson Circuit Court.

1. Witnesses—Testimony on Direct Examination Held Withdrawn by Testimony on Cross-Examination that Witness did not Know.— Though witness testified on direct examination that he purchased whiskey from defendant within one year before finding of indictment, his testimony on cross-examination that he did not know whether or not it was within a year was a withdrawal of the statement on direct examination.

2. Indictment and Information—Commonwealth Must not Only Allege, But Prove, that Misdemeanor was Committed Within One Year.—On a misdemeanor charge it is incumbent on Commonwealth not only to allege, but to show by evidence, that offense was committed within one year, or otherwise the statute of limitations interposes complete bar.

MILTON CLARK for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

Appellant was convicted of the offense of selling spirituous liquors, and has appealed.

The only witness for the Commonwealth testified on his main examination that within a year before the return of the indictment, which was on June 23, 1922, he bought the whiskey from the defendant in Edmonson county; but upon cross-examination he said that at the time he gave his testimony before the grand jury at the June

term, 1922, he thought the sale had been made to him by defendant within a year, but after he left the grand jury room and after talking to other parties he was led to believe that it might have been more than a year, and that now he is unable to remember the exact date of the purchase, but knows it was before a decoration of the graves in 1921 at a certain cemetery, but does not know on what date or month that was, and that now he cannot tell and does not know whether it had been more or less than a year that he purchased the whiskey when he gave his evidence before the grand jury.

Although the witness stated in his main examination the purchase had been within a year before his appearance before the grand jury, his subsequent statement on cross-examination that he could not now tell and did not know whether it had been more or less than a year must be taken as a withdrawal of his former statement on the main examination, and when that statement was withdrawn the Commonwealth had no evidence to show the offense had been committed within a year.

On a charge of misdemeanor, it is incumbent upon the Commonwealth not only to allege but to show by evidence the offense had been committed within one year, otherwise the statute of limitations interposes a complete bar. Meredith v. Commonwealth, 192 Ky. 377; Martin v. Commonwealth, 197 Ky. 191.

There being a failure of proof, the defendant was entitled to the directed verdict asked for.

The judgment is reversed with directions to grant appellant a new trial and for further proceedings consistent herewith.