## Commonwealth ex rel. Meredith, Atty. Gen., v. Norfleet.

(Decided March 25, 1938.)

B. J. BETHURUM and KENNEDY & KENNEDY for appellant.
WESLEY & SON and R. C. TARTAR for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Reversing.

The suit below was instituted by the Attorney General on January 6, 1938, under the provisions of section 483 et seq., Civil Code of Practice. The suit sought to oust from office three members of the County Board of Education of Pulaski County, who had been elected to their respective offices at the November, 1937, election. The three were appellee Brent Norfleet, Bert Whittaker, and Oliver T. Wilson, the latter two being appellants in an appeal which is a companion to this and treated, in a separate opinion. Whittaker & Wilson v. Com., 272 Ky. 794, 115 S. W. (2d) 355.

It is alleged in the petition that neither Whittaker nor Norfleet was eligible to hold office, since neither had, as is required by section 4399-22, Kentucky Statutes, completed at least the eighth grade in the common schools, the qualification to be shown (a) by the records of the school in which the grade had been completed; or (b) by affidavits of the teacher or teachers under whom the work was completed; or (c) by an examination to be held under such rules and regulations as

may be adopted by the State Board of Education for holding such an examination.

As to defendant Wilson it was alleged that he was ineligible to hold the office ''because at the time of his election on November 3, 1937, he was a teacher in Pulaski County in common school District No. —, in violation of the provisions of Ky. Stats., sec. 4399-22, which was at all of said times, * * * and now in full force and effect.''

Each defendant filed a special demurrer to the petition, which the court overruled. They then filed motions (separate) to require the plaintiff to make election as to which defendant ''it would prosecute its case against,'' which motions were overruled, with exceptions in each instance. The court's ruling on these latter motions will be discussed in the Whittaker & Wilson Case. Norfleet thereupon filed his answer, in which he denied the allegations of the petition, and affirmatively pleaded that at the time he qualified as a member of the Board of Education he had completed the eighth grade in the common schools of Pulaski county, as shown by the affidavit of the teacher under whom the work was completed, which affidavit he made a part of his answer, as ''Exhibit A.''

The affidavit stated in substance that affiant had taught school in Pulaski county; that in 1907 she was a teacher at what was known as the Lorenz school; that Brent Norfleet attended that school; and that he and two others named were students in the highest grade taught, known as the sixth grade. The subjects which Norfleet had studied were named, and it was said that he

> ''was proficient in each of his studies, and completed said grade, and that if she had been empowered she could have furnished him a diploma showing that he had completed the common schools; that said sixth grade, as she then taught same, was equivalent to the present eighth grade; that Brent Norfleet completed the equivalent of the eighth grade, as they now teach same in the common schools.''

Plaintiff demurred to the answer of Norfleet, which demurrer the court overruled, whereupon plaintiff replied to the second paragraph of the answer, first deny-

ing the allegations, and secondly pleading affirmatively that the affidavit filed and marked "Exhibit A" was made for the purpose of deceiving; that it was untrue that Norfleet had completed the sixth grade. It was also denied that the sixth grade, at the time referred to in the affidavit, was equivalent to the eighth grade "as now taught in the common schools." It was alleged that in the year 1907 the work required in the common schools was regularly divided into eight grades, and required of all schools in that year. There was filed with and as a part of the answer a copy of the course of study for the common schools of Kentucky, as authorized by the State Board of Education, which under law the board was authorized to promulgate, showing that the eighth grade was required. There was also filed the affidavit of Dr. Garner, who was a teacher in the Lorenz school attended by Norfleet in the year 1908, which asserted the defendant (then eleven or twelve years of age) was only in the fifth or sixth grade in the year 1908, and had not completed the eighth grade or its equivalent. Defendant Norfleet demurred to the second paragraph of plaintiff's reply.

Upon submission of the case plaintiff's demurrer to Norfleet's answer was overruled. Norfleet's demurrer to the second paragraph of plaintiff's reply was sustained. Plaintiff declined to plead further, whereupon the court dismissed the petition in so far as it applied to defendant Norfleet, and adjudged that Norfleet was, at the time of his induction into office, eligible to hold the same. To this ruling the plaintiff excepted and prayed an appeal.

We think the court was in error in sustaining demurrer to plaintiff's reply, and hence in error in adjudging that Norfleet was qualified to hold the office. It is true that a question of fact was presented for the court's consideration, but evidently in construing the statute supra, which fixes the qualification of a board member, and clearly lays down the rules by which that qualification must be determined, he gave it too wide latitude.

Aside from the construction which we have placed on the statute, we are of the opinion that the evidence, presented solely by affidavits, justified the conclusion that appellee had not, in any manner directed, mani-

fested that he was qualified. The affidavit of the teacher does not measure up to the standard required. The requirement is that the affidavit must show a completion of the eighth grade in the common schools, this to be supplied by record or by the teacher or teachers "under whom the work was completed."

With the greatest respect for the affiant who made the affidavit in this case, we cannot conclude that it was of such force or effect to show appellee's qualification. The affidavit shows work completed by Norfleet during the year 1907 in the sixth grade, which the teacher says was equivalent to the eighth grade "as they teach them now in common schools." Accepting the measurement, or quality of the grades as then and now taught as true, yet the requirement is the completion of the eighth grade, to be shown by record or the affidavit of the teacher or teachers who conducted the pupil through the eighth grade. It may be that in the Lorenz school no grade higher than the sixth was taught. However, it cannot be denied that the eighth grade was required in 1907 and 1908, in the common schools of Kentucky. We note from exhibits filed that there were, in 1907 and 1908, three graded common schools in Pulaski county, all well equipped. Under our view of the law, if it be that the school which appellee attended provided education no further than the sixth grade, there can be no doubt in our minds from the proof and exhibits, the required grade was taught in some of the schools in Pulaski county.

That the Legislature had authority to fix the requirements as laid down, there can be no question. Section 183 of the Constitution gives the Legislature the widest latitude in providing an appropriate system of common schools. The gradual increase in the requirements of educational qualification of one who seeks to sit as a member of a board of education, and the reasons therefor, are discussed in Commonwealth ex rel. v. Griffen, 268 Ky. 830, 105 S. W. (2d) 1063. That such requirements have become more stringent may be observed from a history of legislation on the subject, as indicated in that case, or a reference to the statutes.

It will be noted the first requirement is that completion of the eighth grade must be shown by the records of the school in which that grade was completed. However, the Legislature, having in mind that such

records might be lost or destroyed, not at the time kept, or for sufficient and valid reason unavailable, very wisely provided for evidence in the form of an affidavit by the teacher or teachers under whom the eight grade was completed by the pupil.

We construe these provisions to be mandatory, so that one seeking to hold the office of board member must comply with one or the other of the specific methods of furnishing proof. This seems to have been the intention of the Legislature. It is to be observed that clause (c) provides that one who would become a member of the board, and unable to furnish the character of proof allowed by (a) or (b) may yet be entitled to hold the office, if he is willing to take and successfully passes "an examination to be held under such rules and regulations as may be adopted by the State Board of Education." The latter clause (c) we believe to be broad enough, when read in connection with the entire section, to permit one seeking the office to qualify, without regard to whether or not such appellant has begun or completed the eighth, or any other grade, of the common schools.

Expressing the views above, we are of the opinion that appellee Norfleet failed to demonstrate that he was possessed of proper qualification to sit as a member of the board; hence the judgment below is reversed, with directions to enter one declaring appellee's office vacant.

Judgment reversed.