## Commonwealth, by Meredith, Atty. Gen., v. Moye, et al.

(Decided May 3, 1938.)

RODES & WILLOCK, JOHN B. RODES, R. D. WILLOCK, HUBERT MEREDITH, Attorney General, and GUY H. HERDMAN, Assistant Attorney General, for appellant.

J. LEE MOORE and LAURENCE B. FINN for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming in part and reversing in part.

The Attorney General instituted this suit under the provisions of section 483 et seq. of the Civil Code of Practice for the purpose of ousting from office three members of the county board of education of Simpson county, who had been elected to their respective offices at the November, 1937, election. It was alleged in the petition that the three defendants, Fred Moye, Ben Baird, and Cephas Chaney, were ineligible to membership on the board of education because none of them had, as required by section 4399-22, Kentucky Statutes, completed at least the eighth grade in the common schools. The defendants filed a joint answer traversing the averments of the petition, and affirmatively alleged that each of them had completed the eighth grade as shown by an affidavit of the teacher under whom the work was completed, which was filed with the answer. Proof was heard, and the circuit court adjudged that it

established the fact that each of the defendants had completed the eighth grade in the common schools and was eligible to hold the office of member of the board of education of Simpson county. The petition was dismissed, and the plaintiff has appealed.

It is first insisted that the fair and reasonable construction of section 4399-22, Kentucky Statutes, is that the records of the school must be produced or their absence explained before the affidavit of the teacher may be used to establish the qualification of the board member. The pertinent part of section 4399-22 reads:

"A person to be eligible to membership on a board of education must have attained the age of twenty-four years, must have been a citizen of the Commonwealth of Kentucky for at least three years preceding his election and must be a voter of the district for which he is elected. He must have completed at least the eighth grade in the common schools as shown (a) by the records of the school in which said eighth grade was completed; or (b) by affidavits of the teacher or teachers under whom the work was completed; or (c) by an examination to be held under such rules and regulations as may be adopted by the State Board of Education for holding such an examination."

None of the defendants produced the school records or showed that they were not available, but each, as proof of his eligibility, offered the affidavit of the teacher under whom he claimed to have completed the eighth grade. This was a compliance with the requirements of the statute. It was clearly the intention of the Legislature to permit proof of eligibility in any one of the methods provided by the statute. They are stated in the alternative. In Com. v. Griffen, 268 Ky. 830, 105 S. W. (2d) 1063, 1066, it was said: "This act required the production of evidence of qualification, or in lieu thereof an examination."

It was not intended by this statement to say that the records should be treated as the best evidence in the absence of which the teacher's affidavit would be considered secondary or the best existing evidence. The Griffen Case itself is authority for our conclusion that the board member has the option of establishing his eligibility by any of the three methods named in the statute. It does not appear in that case that French

Toms, whose eligibility was attacked, offered the records of the school in which he completed the eighth grade or attempted to explain their absence. He filed the affidavit of the teacher under whom he claimed he completed the eighth grade, and this was held to be sufficient evidence of his educational qualifications. In this connection it was said: "He must display some one of the forms of evidence as fixed by the statute, showing that qualification."

In Com. v. Norfleet, 272 Ky. 800, 115 S. W. (2d) 353, 355, decided March 25, 1938, it does not appear that the member whose eligibility was attacked either offered the records of the school or explained their absence, but he merely offered the affidavit of the teacher under whom he claimed he completed the eighth grade. It was held that the affidavit was insufficient, since it stated that he completed the sixth grade which was equivalent to the eighth grade "as they teach them now in common schools." Speaking of the statutory provisions in regard to proof of eligibility, it was said:

> "We construe these provisions to be mandatory, so that one seeking to hold the office of board member must comply with one or the other of the specific methods of furnishing proof. This seems to have been the intention of the Legislature. It is to be observed that clause (c) provides that one who would become a member of the board, and unable to furnish the character of proof allowed by (a) or (b) may yet be entitled to hold the office, if he is willing to take and successfully passes 'an examination to be held under such rules and regulations as may be adopted by the State Board of Education.' The latter clause (c) we believe to be broad enough, when read in connection with the entire section, to permit one seeking the office to qualify, without regard to whether or not such applicant has begun or completed the eighth, or any other grade, of the common schools."

If the statute is broad enough to permit a member to qualify under clause (c) without regard to whether or not he has completed the eighth grade, then he can show his qualifications under clause (b) without reference to clause (a).

Ben Baird and Cephas Chaney offered the affida-

vits of the teachers under whom they completed the eighth grade, and also of the teachers under whom they completed the seventh grade. In each instance the eighth grade teacher stated in his affidavit that the defendant was in the eighth grade in the school taught by the affiant and that he completed that grade. These affidavits complied with the statute, and the circuit court properly adjudged that Baird and Chaney were eligible to hold the office of member of the board of education. The appellant has filed with his brief a photostatic copy of the signature and a sample of the writing of Cephas Chaney as proof of his lack of education. This, of course, cannot be considered. It may be said in passing, however, that if handwriting is a true test of one's educational qualifications, several members of this court, as well as the attorney for the appellant who filed the exhibit and whose signature appears at the end of the brief, should be classed among the illiterate.

The appellee Fred Moye filed the affidavit of Mae Justice as proof of his educational qualification. The affidavit reads:

"The affiant, Mrs. Mae Justice, first being duly sworn, states that she is a resident of Simpson County, Kentucky. She states that her former husband, H. K. Allen, now deceased, was the teacher in the Cave Spring School of Simpson County, Kentucky, when Fred Moye was a pupil enrolled therein in the eighth grade.

"She states that she was the substitute teacher and that during the term when her said husband was teacher for said school and Fred Moye was a pupil in the eighth grade therein, that the said Fred Moye while she was teaching said school, made passing grades in his daily recitation, tests, written and oral examinations and finished the prescribed course of study for the eighth grade."

The deposition of Mrs. Mae Justice was also taken. It seems that the school taught by H. K. Allen began in July and was closed in the following January. During the month of September the affiant, who had a teacher's certificate, substituted for her husband for two or three weeks with the consent of the local trustee. This affidavit was clearly insufficient to establish the eligibility of the appellee Fred Moye. Mrs. Justice was not the teacher under whom he completed the eighth grade within the meaning of the statute. As said

in the Norfleet Case, the provisions of the statute are mandatory, and the proof offered must be in substantial compliance therewith. The testimony of fellow students and others was introduced in an effort to show that the appellee was a member of the eighth grade class and completed that grade, but such testimony cannot be considered. Com. v. Griffen, supra.

For the reasons indicated, the judgment is affirmed as to the appellees Ben Baird and Cephas Chaney, and as to the appellee Fred Moye it is reversed, with directions to enter a judgment declaring the office vacant.