## Commonwealth v. Mullins.

April 25, 1941.

Fritz Krueger for appellant.

E. R. Denney and B. J. Bethurum for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

This is a quo warranto proceeding challenging appellee's right to the office of Member of the Rockcastle County Board of Education on the ground that he lacks the qualifications prescribed by Section 4399-22, Kentucky Statutes. That Statute provides:

"A person to be eligible to membership on a board of education must have attained the age of twenty-four years, must have been a citizen of the Commonwealth of Kentucky for at least three years preceding his election and must be a voter of the district for which he is elected. He must have completed at least the eighth grade in the common schools as shown (a) by the records of the school in which said eighth grade was completed; or (b) by affidavits of the teacher or teachers under whom the work was completed; or (c) by an examination to be held under such rules and regulations as may be adopted by the State Board of Education for holding such an examination. He must not hold or discharge the duties of any civil or political office, deputyship, or agency under the city or county of his residence. A board member shall be eligible for re-election unless he becomes disqualified as hereinafter provided."

Answering, appellee affirmatively pleaded that in 1886 he graduated from the eighth grade of the Macedonia School of Rockcastle County, but that the teacher under whom he had completed the eighth grade had long since died, and that he had "no knowledge of the records of said school if any were kept." The requirements of the Statute being mandatory (Commonwealth v. Nor-

fleet, 272 Ky. 800, 115 S. W. (2d) 353), appellee was tnus relegated to the necessity of showing that he had passed an examination "held under such rules and regulations as may be adopted by the State Board of Education for holding such an examination."

Section 4399-22, Kentucky Statutes, prescribing the method by which the educational requirements should be established, was part of the School Code adopted in 1934, and obviously referred to an examination to be held thereafter. Not having stood such an examination, appellee sought to avoid the effect of the omission by alleging that prior to May 18, 1932, he stood and successfully passed an examination by the Board of Examiners and School Superintendent of Rockcastle County to obtain an elementary and common school diploma and admission to a high school, and was awarded such diploma showing his completion of the course of study prescribed by the Board of Education in the elementary schools and entitling him to admission to high school. Demurrers to this defense, and to appellant's reply attacking the validity of the examination and charging that the diploma referred to was "fabricated and forged," were overruled. The appellee filed a rejoinder in which he denied the allegations of the reply and affirmately pleaded certain facts tending to support the authenticity of the examination. The appellant again demurrer, and upon the demurrer being overruled, declined to plead further. A dismissal of the petition followed.

The only question necessary to be decided on this appeal is whether the examination passed by appellee in 1932, conceding it to have been validly conducted by duly authorized officials, supplied the place of the examination required by the 1934 Act. A consideration of the wording of the Act, as well as the public policy actuating its enactment, convinces us that it did not. Clearly, the purpose of the Statute was to insure that each member of a County Board of Education in Kentucky should possess at least a common school education by requiring him to prove the fact, either by school records or by the testimony of his teacher, or by passing an examination "to be held" under such rules and regulations "as may be" adopted by the State Board. The regulations adopted by the State Board are set forth in a resolution adopted by that body on September 29, 1937:

"Whereas, Section 4399-22, Kentucky Statutes, provides for an examination for eligibility to membership on boards of education, and

"Whereas, this section provides that examination to be held under such rules and regulations as may be adopted by the State Board of Education,

"Therefore, be it resolved, (1) that said examination shall be held in the office of the Superintendent of Public Instruction at such time or times as in the judgment of the Superintendent of Public Instruction it should be held. (2) That the questions for such examinations shall consist of a standard test to be selected by the Superintendent of Public Instruction."

The burden of establishing his eligibility for the office of Board Member rested upon the appellee. Tillman v. Otter, 93 Ky. 600, 20 S. W. 1036, 14 Ky. Law Rep. 586, 29 L. R. A. 110. He failed to sustain it by either of the three methods prescribed by the Statute, and hence appellant, on the face of the pleadings, was entitled to the relief sought.

Appellee's counsel complains bitterly of the injustice of requiring one who was qualified and had held office under previously existing statutes to undergo further examination in order to establish his eligibility for re-election to the same office. But the present statute was enacted prior to the commencement of appellee's present term, and failed to exempt from its operation those who had previously served as Board Members. We do not believe that this omission was the result of oversight, and if it was, we are powerless to correct it.

Judgment reversed with directions to sustain appellant's demurrer to appellee's answer, and for further proceedings consistent with this opinion.