## Commonwealth ex rel. Meredith, Atty. Gen., v. Bogie et al.

June 6, 1941.

John Noland and Salem Moody for appellant.

Ross, Ross & Bayer for appellee.

Opinion of the Court by Sims, Commissioner—Dismissing in part and affirming in part.

This quo warranto proceeding was instituted in the name of the Attorney General under Section 483 et seq., Civil Code of Practice, to oust June R. Bogie and Otis Teater from office as members of the County Board of Education of Madison County. The petition alleges the defendants were elected at the November, 1940 election, but that both were ineligible to membership on the Board because neither had completed the eighth grade in the common schools as required by Kentucky Statutes, Section 4399-22, Baldwin's 1939 Supplement.

The answers traversed the petition and affirmatively averred that each defendant had completed the eighth grade as evidenced by affidavits of their respective teachers under whom each had completed the work, which affidavits were filed with the answers. By an amended answer, each defendant averred that if the court were of the opinion the affidavits were insufficient to show they possessed the statutory educational requirements to hold the office of Board Member, then each was willing to take an examination to be held under the

rules and regulations adopted by the State Board of Education.

A reply denied that the affidavits filed by defendants were accurate and this pleading contained additional affidavits from the teachers who had certified that defendants had completed the eighth grade in which the affiants set out certain inaccuracies in their former affidavits. Teater filed a separate amended answer alleging that since the institution of this action he had taken the examination given by the State Board of Education as provided by Section 4399-22, Kentucky Statutes Supplement 1939; that he had passed same and was issued a certificate to that effect by the State Board, which certificate was filed with this pleading.

The plaintiff's demurrer was overruled to Teater's amended answer filing the certificate of the State Board showing he had passed the eighth grade examination. Plaintiff declined to plead further and the case was submitted as to him on the pleading and exhibits and judgment was entered that Teater possessed the statutory requirements. Upon the proof produced on the issue raised by the pleadings in reference to Bogie, the chancellor adjudged that he was likewise qualified for the office. The Attorney General appeals from both judgments.

On May 23, 1941, in the case of Bogie v. Hill, 286 Ky. 732, 151 S. W. (2d) 765, this court decided that Bogie's name was not properly on the ballot at the November 1940 election, therefore he was not elected a member of the County Board of Education of Madison County and there was a vacancy in the office. Since we held Bogie was not elected, it is apparent this appeal raises a moot question as to him, therefore it is dismissed in so far as it relates to Bogie.

It is argued by appellant that Teater has the burden of establishing his qualifications, citing the recent case of Com. v. Mullins, 286 Ky. 242, 150 S. W. (2d) 668. It is true that in an action brought in the name of the Commonwealth for the usurpation of an office, the burden is upon the defendant to show by what authority he holds the office. McClendon v. Hamilton, 277 Ky. 734, 127 S. W. (2d) 605. We have the question squarely before us as to whether Teater met this burden by producing a certificate showing he had passed the examina-

tion. Or to express it another way; can one, who has been elected a Member of the County Board of Education and whose educational qualifications have been attacked in a quo warranto proceeding, prove such qualifications by passing an examination during the pendency of the litigation?

So much of Section 4399-22 as relates to educational qualifications of a Member of a County Board of Education reads:

> "He must have completed at least the eighth grade in the common schools as shown (a) by the records of the school in which said eighth grade was completed; or (b) by affidavits of the teacher or teachers under whom the work was completed; or (c) by an examination to be held under such rules and regulations as may be adopted by the State Board of Education for holding such an examination."

It will be noted the quoted provision of the section states that the member must have completed at least the eighth grade in the common schools and, of course, that means before he was elected. The section provides three ways in which Members of the County Board of Education can produce evidence of having completed the eighth grade; (1) by the school records; (2) by the affidavit of his teacher; (3) by the required examination. What better evidence could there be that one had completed the eighth grade than to pass an eighth grade examination?

Appellant urges a Board Member cannot qualify by taking the examination after he has been inducted into office and that the evidence of his eligibility must exist at the time he takes office. If such argument is followed, then the member could not obtain the school records, or the affidavits from his teacher after taking office, since passing the examination is just as much evidence that the member has completed the eighth grade as are the school records and the teacher's affidavit. We hardly think the Legislature intended that a member must anticipate that after he is elected his educational qualifications will be called in question and that he must be forearmed with the school records, or a teacher's affidavit, or a certificate showing he passed the examination. If this had been the legislative intent, it easily could have been expressed by requiring the candidate

to file with his nominating petition, as provided in Section 4399-25, one of the three evidentiary facts as indicated in Section 4399-22, that he had completed the eighth grade. But this question has been decided in Com. v. Moye, 273 Ky. 384, 116 S. W. (2d) 952, 953, wherein it was written:

> "It was clearly the intention of the Legislature to permit proof of eligibility in any one of the methods provided by the statute."

Hence it is not necessary to pursue the question further.

The appeal as to Bogie is dismissed as it raises a moot question. The judgment as to Teater is affirmed.