# Chadwell et al. v. Commonwealth, by Meredith, Atty. Gen.

Dec. 16, 1941.

William Lewis & Son and A. T. W. Manning for appellants.

Hubert Meredith, Attorney General, H. H. Owens and S. V. Little for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming in part and reversing in part.

This action was instituted by the Attorney General of Kentucky against Bill Chadwell and J. F. Cox, of Laurel county, Kentucky, seeking to oust them from their offices as members of the board of education of Laurel county. Plaintiff alleged (1) that neither possessed the educational qualifications provided in Section 4399-22, Kentucky Statutes; (2) that each had entered into a conspiracy with the other, a third member of the board, and the superintendent of schools by which the authority to employ school bus drivers was delegated to the superintendent in consideration that the superintendent employ the son of defendant Chadwell as a driver, thus effectuating the appointment of Chadwell's son without his having received the unanimous approval of the remainder of the board as is provided by Section 4399-22; (3) that they entered into a conspiracy with another member of the board and the superintendent whereby they agreed to vote to re-elect the superintendent for a term of 4 years commencing July 1, 1942, in consideration that the superintendent appoint the daughter of defendant Chadwell as clerk to the board; (4) that they voted to make contracts and expend monies beyond the amounts appropriated by the budget in the years 1940, 1941; (5) that they employed friends and relatives for the illegal purpose of strengthening and maintaining a political organization.

The allegations of the petition were controverted by answer and defendant Chadwell set up an affirmative plea that his educational qualifications had been approved by judgment of the Laurel circuit court theretofore rendered, which judgment was in full force, and from which no appeal has been prosecuted. The lower court entered judgment ousting the defendant Cox because of lack of educational qualifications and ousting

Chadwell from his office because of the illegal acts recited above. Both have appealed.

Sections 480, 483, and 485 of the Civil Code of Practice provide that an ordinary action may be brought by the commonwealth through the Attorney General to prevent the usurpation of a state office. In construing Section 485, we have held that a member of the county board of education is a state officer and a suit to oust him as a usurper must be brought by the Attorney General. Tipton v. Commonwealth, 238 Ky. 111, 38 S. W. (2d) 855. Section 486 provides that a person who continues to exercise an office after having committed an act or omitted to do an act, the commission or omission of which, by law, creates a forfeiture of his office, may be proceeded against for usurpation thereof.

Section 4399-22, Carroll's Kentucky Statutes, 1936 Edition, provides for the qualifications of board members and sets out certain specific disqualifications, the existence of which operate as a forfeiture of the office. That section reads:

"A person to be eligible to membership on a board of education must have attained the age of twenty-four years, must have been a citizen of the Commonwealth of Kentucky for at least three years preceding his election and must be a voter of the district for which he is elected. He must have completed at least the eighth grade in the common schools as shown (a) by the records of the school in which said eighth grade was completed; or (b) by affidavits of the teacher or teachers under whom the work was completed; or (c) by an examination to be held under such rules and regulations as may be adopted by the State Board of Education for holding such an examination. He must not hold or discharge the duties of any civil or political office, deputyship, or agency under the city or county of his residence. A board member shall be eligible for reelection unless he becomes disqualified as hereinafter provided.

"No member of a board of education shall vote regarding the appointment or employment in any capacity of any person related to such member as father, mother, brother, sister, husband, wife, son, daughter, nephew, niece, aunt, son-in-law, daughter-

in-law, or first cousin, and the entire vote of the remainder of the board shall be required in the case of appointment of such person.

"No person shall be eligible to this office who at the time of his election is directly or indirectly interested in the sale to the board of books, stationery, or any other property, materials, supplies, equipment, or services for which school funds are expended. If, at any time after the election of any member of such board, he shall become interested in any such contract with or claims against the board, or if he shall after election become a candidate for any office or agency or for the nomination thereto, the holding and the discharging of the duties of which would have rendered him ineligible before election, or if he shall move his residence from the district for which he was chosen or if he shall do or incur anything which would have rendered him ineligible for re-election, his office shall without further action be vacant, and it shall be filled as hereinafter provided.

"No person shall be eligible to serve as a member of a board of education who has been removed from membership on a board of education for cause."

It is apparent from this section that one who is not in position to prove his educational qualifications in the manner prescribed above is not eligible to hold the office, and, when challenged and unable to produce the proof required, forfeits his right of tenure. It is equally apparent under the provisions of the Code, supra, that such a board member may be ousted from his office in an action of this kind. We will therefore look to the evidence to determine whether the judgment is correct in so far as it declared the defendant Cox to be ineligible to his seat on the board.

Before the trial of the case a school teacher named Cox passed the state board examination referred to in Section 4399-22 and received a certificate to the effect that J. F. Cox was qualified for membership to the board. The person who passed the examination was not the defendant in this action, as the latter admitted in his deposition as if under cross-examination, but, in the answer sworn to by him, he filed the certificate and alleged

that he had passed the examination as evidenced by the certificate. In a subsequent pleading he withdrew the allegation and certificate, attempting to excuse himself by saying that he was not present when the pleading was drafted, but he failed to state that he did not know the allegation was contained in his answer and the certificate filed as a part of it, or that he did not by affidavit attest the verity of the allegations of the answer. This conduct on his part causes us to look with suspicion upon any evidence he might offer in proof of his eligibility. He produced no record of the school to show that he had completed the eighth grade, and now relies solely upon an affidavit set out in an amended answer which was filed subsequent to his admission of the fraud above referred to. The affidavit purports to have been signed by one Stephen Bray, in which it was stated that Bray had taught school in the Oak Ridge subdistrict in the year 1902 and that defendant Cox had graduated from the eighth grade in that school in that year. Several witnesses whose characters were not questioned testified that Bray preceded a Miss Mason and Professor Evans as teacher of the school, many of them testified that Evans taught in the years 1901, 1902, and a paper published by Professor Evans concerning school matters in the year 1902 or 1903 was filed as evidence of that fact. Cox testified that he finished the fifth or sixth grade as it was then known, but which was the equivalent of the eighth grade of the modern system, and that he graduated under Professor Evans in the year 1902.

The testimony of the disinterested witnesses and the suspicion with which we are compelled to look upon any evidence offered by Cox would be sufficient to cause us to reject the affidavit as proof of his eligibility; but his own testimony that he had finished the school under the tutelage of some one other than Bray is conclusive of the lack of probative value of the affidavit. We therefore conclude that the trial court properly held the defendant Cox to be ineligible for membership on the board.

The commonwealth has abandoned its charge that Chadwell does not possess the required educational qualifications, and seeks affirmation of his ouster on the ground that he had forfeited his office by having committed acts which render him ineligible for re-election, such acts being those set out in his petition and desig-

nated as allegations 2, 3, 4, and 5 at the commencement of this opinion. But we are of the opinion that the acts complained of are not such acts as will render a board member ineligible for re-election until he shall have been removed from his office therefor by a proceeding under Section 4377-13. The disqualifications referred to in Section 4399-22 are those specifically set out therein and none of which cover the misconduct proven in this case.

It is argued that voting affirmatively on the resolution giving to the superintendent authority to hire bus drivers without the approval of the board was a vote by Chadwell to employ his son as a driver within the meaning of Section 4399-22. Of course the circumstances are persuasive that that was the purpose of passing the resolution, but such a decision would reach too far and enter into the field of speculation, for which reason we must reject the contention. Nor are we impressed with the argument that the services the daughter renders the board are services in which the defendant was directly or indirectly interested. We are of the opinion the Legislature intended such interest to be confined to monetary considerations and that the consideration must be such as would move directly or indirectly to the board member himself, and not to include mere emotional interest that a member of the board might have in the person rendering the services. We therefore conclude that the misconduct of the defendant Chadwell was not such as may be the subject of an ouster suit as provided by the sections of the Code, supra. The charges against him may yet be made before the State Board of Education as provided in Section 4377-13, Kentucky Statutes.

The judgment as to Chadwell is reversed, with directions to dismiss the petition against him. The judgment against Cox is affirmed.