# Commonwealth by Dummit, Atty. Gen., v. Mullins.

May 7, 1948.

Fritz Krueger and Sandusky & Krueger for appellant.

Kelly J. Francis and E. R. Denney for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

At the regular November election in 1944, appellee, W. D. Mullins, was elected a member of the County Board of Education for Rockcastle County. In January, 1945, he qualified and entered upon the discharge of the duties of his office. At that time the provisions of section 160.180 KRS were in force and effect, a portion of which was and now is that:

"No person shall be eligible to membership on a board of education:

\* \* \* \* \* \*

"(c) Unless he has completed at least the eighth grade in the common schools as shown by the records

of the school in which the eighth grade was completed or by affidavits of the teacher or teachers under whom the work was completed, or unless he has the equivalent of an eighth grade education as determined by an examination held under rules and regulations adopted by the State Board of Education; * * *."

On December 24, 1945, the then Attorney General for the Commonwealth, Hon. Eldon S. Dummit, filed as relator for the Commonwealth an action in the Rockcastle circuit court against appellee pursuant to the provisions of section 483 of the Civil Code of Practice seeking to oust him from the office of member of the Board of Education of Rockcastle County on the sole ground that "the defendant did not possess the educational qualifications of having completed at least the eighth grade in the common schools as shown by the records of the school in which the eighth grade was completed or by affidavits of teacher or teachers under whom the work was completed, nor does he have the equivalent of an eighth grade education as determined by an examination held under the rules and regulations adopted by the State Board of Education, as required by KRS 160.180."

By his answer defendant denied the allegations of the petition as to his educational qualifications and filed therewith as an exhibit the affidavit of W. B. Sigmon in which affiant stated that defendant "attended school under this affiant, said affiant being his teacher, at Fairview school near Mullins Station in Rockcastle County, Kentucky, and that the said W. D. (Dannie) Mullins completed the Eighth Grade under this affiant in the year 1905. Affiant further states that after W. D. (Dannie) Mullins completed the Eighth Grade in 1905, the said Mullins taught in the Public Schools of Rockcastle County."

In giving his testimony at the trial in behalf of appellee the maker of the affidavit referred to was asked: "Q. How many grades did you teach there in Fairview School at that time? A. I taught all of the grades except the eighth." The witness further stated that he issued to defendant a certificate showing his right to enter the Normal School at Berea. Defendant testified that he did enter that Normal school which, if he had

completed the course undertaken therein might have finished his education through the eighth grade, but the record furnishes insufficient evidence to show that he completed the eighth grade course at the Berea Normal School. The only evidence he introduced to establish that fact was a certificate made by Adelaide Gundiach, Registrar of that school, who does not appear to have been a teacher or instructor therein. The certificate, except signature, says:

"This is to certify that Mr. William Daniel Mullins was registered in the Berea Normal School for one term in the spring of 1907. The Normal School was a secondary school leading to a diploma which was the equivalent of a high school diploma."

It will be observed that the certificate (not an affidavit) was not made by the instructor or teacher of the school in question, nor did it state that appellee *completed* the course undertaken by him in that school, but only that he was *registered* in that school for one term in the Spring of 1907.

This record presents a case, the facts of which are almost, if not completely, parallel with those appearing in the cases of Commonwealth ex rel. Meredith, Atty. Gen., v. Norfleet, 272 Ky. 800, 115 S. W. 2d 353; and Whittaker v. Commonwealth ex rel. Attorney General, 272 Ky. 794, 115 S. W. 2d 355. In each of those cases the action was similar to this one in which members of county boards are charged with the usurpation of their office, because of not possessing the statutory required educational qualifications. The teachers of defendants therein stated—as did the witness, Sigmon, in this case —that they did not teach the modern eighth grade, but that which was taught was equal, if not superior, to the present eighth grade course.

In the Norfleet case we reversed the judgment appealed from on the ground that the required educational qualifications of defendant, and appellee, had not been proven in any of the ways prescribed by the statute, and then said (272 Ky. 800, 115 S. W. 2d 355): "We construe these provisions to be mandatory, so that one seeking to hold the office of board member must comply with one or the other of the specific methods of furnishing proof," meaning thereby proof of his completion of

the eighth grade. We then referred to the fact that if defendants in like actions were unable to do so they could still qualify for the office by taking the examination "to be held under such rules and regulations as may be adopted by the State Board of Education," but which defendant in this case did not do. To the same effect is the Whittaker case; the case of Commonwealth by Meredith, Atty. Gen., v. Moye, 273 Ky. 384, 116 S. W. 2d 952, and the still later case of Chadwell v. Commonwealth, etc., 288 Ky. 644, 157 S. W. 2d 280.

The only proof offered by defendant in support of his required educational qualifications is practically the same as that offered by defendants in the cited cases, in each of which we held was insufficient to establish the fact that defendant at the time of his election and installation had *completed* the eighth grade as prescribed in our public school system.

Wherefore, the judgment is reversed with directions to set it aside and for further proceedings consistent with this opinion.