## Commonwealth, by Funk, Attorney General, v. Clark.

## Commonwealth, by Funk, Attorney General, v. Waters.

November 11, 1949.

Rehearing denied January 10, 1950.

Leonard S. Stephens and Duncan & Duncan for appellant.

Joe S. Feather and R. L. Brown for appellee.

STANLEY, COMMISSIONER—Reversing.

The Attorney General as representative of the Commonwealth filed separate actions in the nature of quo warranto, Section 480 et seq., Civil Code of Practice, challenging the eligibility of three members of the Board of Education of McCreary County because of educational disqualification. KRS 160.180(c). The suits were consolidated for trial. The circuit court found each of the defendants to be eligible and dismissed the several petitions. The Commonwealth appeals from two of those judgments.

The affidavit of T. J. Sellers, former principal of the Greenwood Graded School of McCreary County, was filed stating that the defendant, Barney O. Clark, was a student in the eighth grade in that school in the year 1916-17 and that he was "proficient in his said

school work and satisfactorily completed said grade under this affiant" and that he was "entitled to a diploma as having completed his work if I were entitled to give it." Mr. Sellers' testimony as a witness at the trial contradicted his affidavit. He testified that Clark attended the school only during the first four months of the school year which began in August, 1916, and unequivocally stated he did not complete the eighth grade. Under the system then prevailing diplomas were issued by the county superintendent to students entitled to them, and the witness stated that the latter part of his affidavit which stated that Clark was entitled to a diploma as having completed the work "should be omitted."

The county superintendent in office at the time verified a list of students who had completed the eighth grade in the common schools of McCreary County and successfully passed the examination. This had been certified to the state superintendent of public instruction for the year 1916-17 as required by the then law. It does not show Clark's name.

Clark testified that he did complete the eighth grade in the Greenwood School under Mr. Sellers as principal.

The burden rests upon a person whose educational qualification is properly challenged to establish his eligibility by one or more of three alternative ways: (1) school records, (2) affidavits of one or more teachers "under whom the work was completed" or (3) a present examination. KRS 160.180(c). Commonwealth ex rel. Meredith v. Norfleet, 272 Ky. 800, 115 S. W. 2d 353; Commonwealth v. Mullins, 286 Ky. 242, 150 S. W. 2d 668. The respondent, Clark, presented the affidavit of a teacher which, if it stood alone, and uncontradicted, would be sufficient. Commonwealth v. Griffen, 268 Ky. 830, 105 S. W. 2d 1063. And he testified that he had completed the eighth grade under that teacher, but the Statute does not seem to contemplate that the verbal testimony of the party or even of his schoolmates shall be considered. Commonwealth by Meredith, v. Moye, 273 Ky. 384, 116 S. W. 2d 952. But when the affiant, Mr. Sellers, was placed on examination, he very effectually retracted his previous statement. Over against that retracted affidavit is the undenied school record which,

though showing a negative situation, is positive in character. The absence of an entry in a public record that would appear in it in the usual course may be generally accepted as evidence that an event did not take place or that something was not done. 20 Am. Jur., Evidence, Sec. 1023. An affidavit is the weakest kind of proof and is not admissible as primary evidence of facts it narrates except under an express or special statutory provision such as the present one. Documentary official records are regarded as reliable. One should certainly be accepted as evidence of the fact to which it relates where it is not impeached though the person who made a contradictory affidavit testifies that the fact stated therein was otherwise. It has been held that the last statement which a witness makes should be regarded as a withdrawal of the former one. Duvall v. Commonwealth, 198 Ky. 609, 249 S. W. 768; Bass v. Commonwealth, 232 Ky. 445, 23 S. W. 2d 926. We are of opinion, therefore, that the judgment declaring the defendant, Clark, to possess the educational qualification for the office is erroneous and that it should be to the contrary.

In the case of Lincoln Waters, he produced the affidavit of Mrs. Elizabeth Childers, a former teacher of the eighth grade of the Smithtown School from 1922 to 1926, that he "finished the eighth grade or the equivalent thereto satisfactorily and was proficient in his school work." She further stated he "was entitled to a diploma as having completed his work if I were entitled to give it." On the trial Mrs. Childers, testifying in reply to questions whether Waters had completed the eighth grade under her teaching, answered, "I think he did" and "to the best of my knowledge" and "so far as I remember." When further pressed she answered, "I am pretty sure he did." At first she testified she did not know whether Waters had taken or successfully passed the examination which was conducted by her, but later said that he did take the examination. On cross-examination as a witness Mrs. Childers affirmed the truth of the facts contained in her affidavit "except the diploma part." It is to the effect that Waters had either finished the eighth grade or the equivalent thereof. The equivalent is not enough. Commonwealth ex rel. Meredith v. Norfleet, 272 Ky. 800, 115 S. W. 2d 353; Commonwealth by Dummit v. Mullins, 307 Ky. 383, 211 S. W. 2d 133. The affidavit of the teacher is

equivocal. And in her testimony she loyally labored hard, under prodding of the defendant's attorney, to help her former pupil without an explicit retraction or else she feared the consequences of an absolute denial of the truth of the statements of her affidavit. We think her testimony effectually destroyed her affidavit. No documentary evidence was produced. The defendant, Waters', testimony may be regarded as a species of admission against interest. He only testified that he "must have" passed the final examination because "if I hadn't took it, I couldn't have gotten that affidavit" from Mrs. Childers.

We are of opinion that the court should also have declared Waters not to possess the requisite educational qualification.

Both judgments are reversed.