COMMONWEALTH ex rel. BUCKMAN, Jr., Atty. Gen., v. PREECE.

CLARK et al. v. PREECE.

Court of Appeals of Kentucky.
Feb. 6, 1953.

Rehearing Denied May 8, 1953.

Fred B. Redwine and Hensley & Logan, Louisville, C. Kilmer Combs and Combs & Combs, Prestonsburg, for appellants.

Joe Hobson, Prestonsburg, Hobson & Meigs, Frankfort, for appellee.

WADDILL, Commissioner.

The primary issue to be determined on this appeal of these consolidated actions is whether or not the appellee, Harrison Preece, possesses the requisite educational qualifications to hold the office of member of the Martin County Board of Education. A corollary question is whether the court may issue a writ of mandamus against the members of the Board of Education and the Superintendent of Schools of Martin County, directing them to issue to appellee a veteran's high school diploma. The circuit court has answered these questions in the affirmative.

The question of appellee's eligibility to hold the office of board member stems from a quo warranto proceeding instituted on the authority of the attorney general. The second question presented arises out of the mandamus action filed by Preece. By order of the court the two suits were consolidated.

KRS 160.180 enumerates the qualifications which a person must possess to be eligible to membership on a county board

of education. Subsection (c) thereof provides that the member must have completed at least the eighth grade in the common school, and, of course, that means before he was elected to the office. Commonwealth ex rel. Meredith v. Bogie, 287 Ky. 103, 152 S.W.2d 286.

In Commonwealth, by Funk v. Clark, 311 Ky. 710, 225 S.W.2d 118, 119, we held that the burden rests upon a person whose educational qualifications have been properly challenged to establish his eligibility by one or more of three alternative ways: (1) school records, (2) affidavits of one or more teachers "under whom the work was completed", or (3) "by an examination held under rules and regulations adopted by the State Board of Education." Also see Commonwealth ex rel. Meredith v. Norfleet, 272 Ky. 800, 115 S.W.2d 353; Commonwealth v. Mullins, 286 Ky. 242, 150 S.W.2d 668.

Appellee attempted to establish that he had successfully completed the eighth grade at the Lynn Bark School in Martin County in three successive school years: (1) In the school year of 1937-'38 under Mrs. Elsie G. Fish, teacher; (2) in the school year of 1938-'39 under T. J. Hardin, Jr., teacher; and (3) in the school year of 1939-'40 under J. E. Maynard, Jr., teacher. The affidavits of these teachers were filed which, if considered independently of other evidence in the case, support appellee's contention. Commonwealth ex rel. v. Griffen, 268 Ky. 830, 105 S.W.2d 1063. However, we must consider the value of these affidavits in the light of the entire record.

Mrs. Fish and Mr. Maynard testified on the trial of the case that the statements made in their affidavits that appellee had successfully completed the eighth grade while they were teachers at the Lynn Bark School were in error; that they had examined the school records which had been kept by them while teaching there and that these records reflected that appellee had not completed the eighth grade under them.

The original teachers' register of the Lynn Bark School reveals that during the school year of 1937-'38, Elsie G. Fish was the teacher and that Harrison Preece was a pupil in the eighth grade and that he was not recommended by his teacher for promotion. Mrs. Fish testified that appellee's failure to regularly attend school during that year would of itself disqualify him for promotion. The school record sustains her testimony.

The school records which were kept by T. J. Hardin, Jr., while he was teacher at the Lynn Bark School affirmatively show that Harrison Preece was not a pupil in that school during the school year of 1938-'39 and that the eighth grade was not taught in the Lynn Bark School during that year.

The school records kept by J. E. Maynard, Jr., as teacher, during the school year of 1939-'40 show that Harrison Preece was not a pupil in the Lynn Bark School during that year and that the eighth grade was not taught there that year.

Appellee testified that he had completed the eighth grade, but subsection (c) of KRS 160.180 does not permit verbal testimony of the party or even his school mates to be considered. Commonwealth, by Funk v. Clark, 311 Ky. 710, 225 S.W.2d 118; Commonwealth, by Meredith v. Moye, 273 Ky. 384, 116 S.W.2d 952.

In Commonwealth, by Funk v. Clark, 311 Ky. 710, 225 S.W.2d 118, 119, in considering similar questions to those appearing here, we said:

"* * * But when the affiant, Mr. Sellers, was placed on examination, he very effectually retracted his previous statement. Over against that retracted affidavit is the undenied school record which, though showing a negative situation, is positive in character. The absence of an entry in a public record that would appear in it in the usual course may be generally accepted as evidence that an event did not take place or that something was not done. 20 Am.Jur., Evidence, Sec. 1023. An affidavit is the weakest kind of proof and is not admissible as primary evidence of facts it narrates except under an express or special statutory provi-

sion such as the present one. Documentary official records are regarded as reliable. One should certainly be accepted as evidence of the fact to which it relates where it is not impeached though the person who made a contradictory affidavit testified that the fact stated therein was otherwise. It has been held that the last statement which a witness makes should be regarded as a withdrawal of the former one. Duvall v. Commonwealth, 198 Ky. 609, 249 S.W. 768; Bass v. Commonwealth, 232 Ky. 445, 23 S.W.2d 926. * * *"

▆ Therefore, we are impelled to find that appellee did not establish by the methods provided by KRS 160.180(c) that he had successfully completed the eighth grade at the Lynn Bark School and that the judgment declaring the appellee to possess the educational qualifications for the office of board member is erroneous and should be to the contrary.

▆ In arriving at this conclusion we have not overlooked that phase of appellee's alleged defense that he has successfully completed a course of study at the Morehead State Teacher's College which had been made available to him as a war veteran; that he passed the general educational development test given there and that his Morehead School record showing that he passed this course has been certified to the Martin County School authorities. Appellee maintains that because of his having successfully completed this course of study he has the equivalent of an eighth grade education. The complete answer thereto is that the "equivalent" is not enough. Commonwealth ex rel. Meredith v. Norfleet, 272 Ky. 800, 115 S.W.2d 353; Commonwealth, by Dummit v. Mullins, 307 Ky. 383, 211 S.W.2d 133.

▆ Although we think the school board would have been justified in issuing appellee a veteran's high school diploma, we do not think it may be compelled to do so in this instance.

The sole authority for such procedure is found under regulation No. 50 of the State Board of Education adopted November 20, 1945, which supersedes previous regulations on the subject and which we are directed to take judicial notice of under the provisions of Chapter 63 of the Legislative Acts of 1952 (which has not yet been codified and assigned a number in the regular compilation of the Kentucky Revised Statutes).

Regulation No. 50 in pertinent part reads:

"A board of education at its discretion may grant a high school diploma from any of its high schools to any member of the Armed Forces or any person who has served in the Armed Forces, provided that person has successfully passed the United States Armed Forces Institute's General Educational Development Tests under the direction of officials legally authorized to give the tests, and provided further that the examinee: * * *."

The above regulation does not purport to impose any duties or responsibilities upon the county school authorities in connection with the issuance of "veterans' diplomas." But conceding arguendo that a duty is imposed, yet we find no abuse of discretion on the part of the county school authorities by their refusal to issue appellee such a diploma at the time it was demanded in view of the facts and circumstances revealed by the record.

Other questions raised by the parties, including appellee's motion to strike the bill of exceptions from the record, have been considered by the court and found to be without merit.

Both judgments are reversed with directions to enter a judgment in the case of Commonwealth ex rel. Buckman v. Preece declaring that Harrison Preece does not possess the requisite educational qualifications to serve as a board member of the Martin County Board of Education; and in the action of Preece v. Sheldon Clark, Superintendent et al. to enter a judgment dismissing Preece's petition for a writ of mandamus.

COMBS, J., not sitting.