**Robbie LEAR, Appellant,**

v.

**COMMONWEALTH of Kentucky on relation of Jo M. FERGUSON, Attorney General of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 31, 1958.

Rose & Short, Beattyville, John C. Little, McKee, for appellant.

Jo M. Ferguson, Atty. Gen., Frankfort, H. M. Shumate, Irvine, for appellee.

CULLEN, Commissioner.

On relation of the Attorney General, an action was brought to remove Robbie Lear from office as a member of the Jackson County Board of Education, on the ground that he did not meet the statutory qualification, under KRS 160.180(1) (c), of having an eighth grade education. Judgment was entered removing Lear from office and he has appealed.

The statute, KRS 160.180(1) (c), provides that the school board member may prove his educational qualification by any one of three methods, one of which is by "affidavits of the teacher or teachers under whom the work was completed." Lear submitted in evidence an affidavit made in 1954 by George C. Johnson (since deceased), as follows:

> "Robbie Lear attended school to me at Flat Top for the full term at the age of 16 years and successfully passed the VIII grade in the final examination."

Lear testified that he was born in January 1906, which would have made him 16 during the 1922–23 school year, and that he attended school to George C. Johnson at Flat Top in that school year.

There were no pupil records available for the school year in question, but the school records, introduced by the plaintiff, showed

that George C. Johnson did not teach at the Flat Top School in the 1922–23 school·year but did teach in 1923–24. One witness for the plaintiff testified that Lear had made the statement that he had quit school after the third grade and had never gone since; another testified that the mind of George C. Johnson at the time he made the affidavit was "bad"; and others testified that they had attended the Flat Top School in the 1923–24 school year, under George C. Johnson, and that Lear did not attend school that year.

The appellant maintains that since the statute does not permit a board member to prove his qualification by parol evidence as to his having attended school, the opposing party should not be permitted to prove his lack of qualification by parol evidence of his nonattendance or by his statement of having quit school before the eighth grade. Therefore, he argues, the affidavit of Johnson was not controverted by competent evidence and he should have been adjudged to be qualified.

Our decisions have recognized that a teacher's affidavit of a person's completion of the eighth grade may be overcome by the school records. Commonwealth by Funk v. Clark, 311 Ky. 710, 225 S.W.2d 118; Commonwealth ex rel. Buckman v. Preece, Ky., 257 S.W.2d 51. Here, the school records showed that Johnson did not teach the eighth grade at Flat Top the year the affidavit says Lear completed the eighth grade under Johnson. We think the court was entitled to treat this evidence as overcoming the affidavit. However, we also believe the other evidence for the plaintiff was competent. For a reason deemed satisfactory to it, the legislature has limited the kinds of proof a school board member may utilize to establish his educational qualification. But it does not follow that the same limitations apply to proving lack of qualification. We think lack of qualification may be proved by any

evidence that would be competent under ordinary rules of evidence to establish the fact in issue.

It is our opinion that the finding of the trial court that Lear was not qualified is supported by competent evidence and is not clearly erroneous.

The judgment is affirmed.