**Finley SPURLOCK, Appellant,**

v.

**COMMONWEALTH of Kentucky on Relation of John B. BRECKINRIDGE, Attorney General, Appellee.**

Court of Appeals of Kentucky.

Oct. 13, 1961.

Rehearing Denied Nov. 22, 1961.

E. B. Rose, Rose & Short, Beattyville, for appellant.

John B. Breckinridge, Atty. Gen., H. M. Shumate, Shumate & Shumate, Irvine, for appellee.

WADDILL, Commissioner.

The sole issue on the appeal is whether the Chancellor erred in removing appellant from office as a member of the Jackson County Board of Education on the ground that he did not possess the statutory qualification of having an eighth grade education.

To establish his educational qualification, as required by KRS 160.180, appellant filed a teacher's affidavit which stated that appellant had successfully completed the eighth grade at Blackwater School in Jackson County under the affiant during the school year of 1913–14.

The Jackson County School Superintendent testified that the available school records do not reflect that appellant attended school in Jackson County during the school year of 1913–14 or that the eighth grade was taught there at that time. Several schoolteachers and residents of Jackson County testified that only the first through the fifth grades were taught in Jackson County prior to the year of 1920. The credibility of the testimony of these witnesses was attacked by witnesses who stated that the eighth grade was taught in Jackson County during the school years in question.

There was other evidence which casts some doubt as to whether appellant attended Blackwater School, namely, the pupil census records which do not list appellant as a resident of the Blackwater School District (or any district) during the school year of 1913–14. However, it was established that appellant was 20 years old in December of 1913 and, therefore, it was urged that appellant was not included in the school census of 1913 because the census taken at that time listed only children "between the ages of six and twenty years" (Carroll's 1909 Edition, Kentucky Statutes, Section 4404). Appellee also attempted to establish that the fifth grade was the highest grade taught in Jackson County during 1913 by introducing a purchase order of the Jackson County School Board for school books, specifically, the "primer" through the "fifth reader." Nevertheless, two of appellant's witnesses, who had formerly taught in the Jackson County School system stated the "fifth reader" was used from the fifth through the eighth grade during the school year of 1913–14. Appellant also introduced a bulletin issued in September, 1919, by the Kentucky State Board of Education, which apparently prescribes the use of the "fifth reader" for students in the eighth grade.

When a school board member's educational qualification is properly questioned, he has the burden of establishing his eligibility. Commonwealth by Funk v. Clark, 311 Ky. 710, 225 S.W.2d 118; Commonwealth ex rel. Buckman v. Preece, Ky., 257 S.W.2d 51. A teacher's affidavit is the weakest kind of proof of a person's completion of the eighth grade, Commonwealth by Funk v. Clark, supra, and its probative effect may be overcome by contradictory evidence. Commonwealth ex rel. Ferguson v. Coffee, Ky., 329 S.W.2d 203.

Under the conflicting evidence in the case at bar, the Chancellor was justified in accepting appellee's proof and in concluding that appellant had failed to sustain the burden of proving that he had successfully completed the eighth grade.

Judgment affirmed.