COMMONWEALTH of Kentucky on relation of the ATTORNEY GENERAL of Kentucky, Honorable Robert Matthews, Appellant,

v.

Earl HESTER, Appellee.

Court of Appeals of Kentucky.

June 10, 1966.

Rehearing Denied Nov. 4, 1966.

Glay E. Maggard, Munfordville, Ben Fowler, Dailey & Fowler, Frankfort, for appellant.

Joseph R. Huddleston, Huddleston & Huddleston, Bowling Green, Robert T. Schneider, Horse Cave, for appellee.

HILL, Judge.

This is an appeal from a judgment declining to oust appellee Earl Hester after his election to his fifth four-year term as a member of the Board of Education of Hart County. It is said he does not have the educational qualifications required by KRS 160.180(1) (c).

The case was prepared in the trial court by affidavits and depositions.

It is clear that in a proceeding of this nature the burden of showing one of the three educational requirements is upon the board member seeking to qualify. Cf. Commonwealth, by Funk v. Clark, 311 Ky. 710, 225 S.W.2d 118. The statute in question provides:

"Unless he has completed at least the eighth grade in the common schools as *shown by the records* of the school in which the eighth grade was completed or by *affidavits of the teacher* or teachers under whom the work was completed, or unless he has the equivalent of an eighth grade education as *determined by an examination* held under rules and regulations adopted by the State Board of Education * * *." (Emphasis added.)

The records of the State Department of Education do not list appellee as one of the graduates of the eighth grade during the period in question. It is not claimed by appellee that he took the examination provided for in the statute above quoted. Appellee contends he was graduated from the eighth grade and filed the affidavit of Mrs. Estella Lewis, an eighty-four-year-old lady, who stated in her affidavit that during the year 1922 she taught the eighth grade at Cub Run in the Hart County school system, that appellee Earl Hester was one of her students, and that he successfully completed the full eight grade course of study and was graduated from the eighth grade. Appellee also testified he completed the eighth grade. Other teachers in the Cub Run school, as well as school records, during the period in question, cast some doubt that Mrs. Lewis was a regular or certified teacher during this period. However, Dr. Sidney Samandle Director of Teacher Education and Certification of the State Department of Education, admitted "it is possible that there would be some persons who were certified on a local basis."

Appellant introduced considerable testimony to the effect appellee did not complete the eighth grade. So, the material question of fact was in sharp conflict. The trial court resolved that fact in favor of appellee. We cannot say the conclusion was clearly erroneous. CR 52.01.

The judgment is affirmed.