**COMMONWEALTH of Kentucky ex rel. Robert MATTHEWS, Attorney General of Kentucky, Appellant,**

v.

**Dacker COMBS, Appellee.**

Court of Appeals of Kentucky.

March 29, 1968.

Fred B. Redwine, Sanders & Redwine, Pikeville, for appellant.

Hoover, Haynes, Craft & Haynes, Hazard, for appellee.

OSBORNE, Judge.

This is an action brought pursuant to KRS 415.030 upon the authority of Robert Matthews, Attorney General, to oust Dacker Combs from his office as a member of the Perry County Board of Education for an alleged violation of KRS 160.180(4). It is alleged that he voted to employ a first cousin as a school bus driver. After the appellant had presented his proof, Combs moved to dismiss on the grounds that appellant failed to prove his case. The trial court dismissed the action. Appellant claims this was erroneous.

The facts can be briefly stated. The minutes of the December meeting of the Perry County School Board show that a motion was made to employ several bus drivers, including Combs' first cousin, Fernando Roark, Jr. Combs seconded this motion. The minutes as originally prepared by the Secretary of the Board, Dennis Wooton, who was also school superintendent, show that all voted yes. However, testimony reveals that when the minutes were read at the January meeting there was some discussion about this, with Combs saying that he did not vote for his cousin. At that time Wooton added in pencil "except Dacker Combs who voted no." No motion to change the record was formally made at that time, or at least no motion appears in the January minutes. After the meeting Wooton erased his penciled addition. At the February meeting this came to Combs' attention and he examined the December minutes himself. At that time he made a motion to "amend or correct" the minutes to show he voted no. This motion passed and was recorded in the February minutes.

Combs testified that he "passed" when the vote on his cousin came up. Wooton testified that his memory was that Combs voted yes. However, his testimony was rather equivocal.

Several questions are raised on this appeal. The first is who has the burden of proof. The trial court held that the burden rested on the plaintiff-appellant. The appellant objected, but proceeded to present his evidence anyway. Appellant now alleges that it was error to place the burden of proof on him. Ouster proceedings brought on authority from the Attorney General differ from ordinary actions in that the burden is on the defendant to show by what authority he holds the office. Commonwealth ex rel. Meredith v. Bogie, 287 Ky. 103, 152 S.W.2d 286; McClendon v. Hamilton, 277 Ky. 734, 127 S.W.2d 605, and Hermann v. Lampe, 175 Ky. 109, 194 S.W. 122. This undoubtedly means that the defendant must show that he was duly elected, and in the area of educational qualifications it has been interpreted to mean that he must show that he meets the minimum standards required by the statute. Commonwealth ex rel. Buckman v. Preece, Ky., 257 S.W.2d 51; Commonwealth by Funk, Attorney General v. Clark, 311 Ky. 710, 225 S.W.2d 118; Chadwell v. Commonwealth by Meredith, 288 Ky. 644, 157 S.W.2d 280; Commonwealth ex rel. Meredith v. Bogie, supra. However, where the challenge is based on alleged misconduct by the officeholder, the burden is on the plaintiff to show that such misconduct occurred. Richardson v. Commonwealth by Meredith, Attorney General, 275 Ky. 486, 122 S.W.2d 156. In this action the appellant alleged in its complaint that Combs had been duly elected and sworn in. Under these circumstances there was no issue as to the authority by which Combs held the office and the burden was on the plaintiff to show the claimed misconduct.

Appellant's next contention is that the minutes could not be amended and, therefore, the record conclusively shows that Combs voted for his cousin. It is clear that a municipal board can amend the minutes of a meeting to reflect what actually happened. 5 McQuillin, Municipal Corporations, § 14.10, pp. 30–34; Ward v. Lester, 235 Ky. 595, 31 S.W.2d 924; Janutola & Comadori Construction Co. v. Taulbee, 229 Ky. 213, 16 S.W.2d 1026. The fact that one member of the board was new, and Combs was on a new term is irrelevant since a majority of those who were on the board in December voted to make the correction. To hold otherwise would mean that any errors in the minutes of the last meeting before the expiration of the term of any member could never be corrected, and under the rule that a board speaks only through its records, (Lewis v. Board of Education of Johnson County, Ky., 348 S.W.2d 921), an error could never be changed. Such result would be untenable, especially where as here the board heard the minutes for the first time at the next meeting.

Appellant's third contention is that Combs should be ousted for seconding the motion to hire the various bus drivers, including his cousin. The statute forbids voting, not seconding a motion.

Appellant's final contention is that the judge's finding of fact was clearly erroneous. A reading of the record does not lead to that result at all, especially since the amended minutes show that Combs did not vote to employ his cousin. The only evidence that he did is an equivocable statement by the prosecuting witness that he did, and this is clearly refuted by Combs' testimony as well as by the record.

The judgment is affirmed.

MONTGOMERY, Judge (dissenting).

I respectfully dissent because I do not feel that the law should be circumvented by the obvious device used here. The purpose of KRS 160.180(4) is to prevent the nepotism which was practiced here. Hall v. Boyd County Board of Education, 265 Ky. 500, 97 S.W.2d 38. The salutary purpose of the statute is discussed in Letcher v. Commonwealth ex rel. Matthews, Ky., 414 S.W.2d 402, and the cases cited therein. In Letcher and in its companion case, Commonwealth ex rel. Matthews v. Coatney, Ky., 396 S.W.2d 72, three county school board members were ousted for violations of the statute.

The conflict of interests presented by violations of the statute strikes at the heart of our educational system. The statute should be strictly enforced.

The key to what was going on in the present case is shown by the minutes of the December meeting at which Dacker Combs seconded the motion to employ his first cousin. Before the minutes of the December meeting were changed by the amendment made at the February meeting, the minutes showed that Combs seconded the motion to employ his cousin and voted in favor of the motion. No correction of this minute was made at the January meeting although there is an attempt to show otherwise. As I understand the record, the December minutes still show that Combs seconded the motion to employ his cousin.

It is realized that an occasion may arise which necessitates a correction in a school board's minutes, but the record in this case shows plainly that Dacker Combs violated KRS 160.180(4) and that the maneuvers at the January and February meetings were an effort to extricate him from his predicament and to avoid his ouster. The majority opinion places an approval on conduct that will not bear close scrutiny. I feel that Dacker Combs violated the statute and should be ousted.