COMMONWEALTH by FUNK, Atty. Gen. v. SIZEMORE.

Court of Appeals of Kentucky.

Nov. 9, 1951.

A. E. Funk, Atty. Gen., Robert J. Watson, Middlesboro, for appellant.

Logan Patterson, James S. Wilson, Pineville, for appellee.

CLAY, Commissioner.

This is a suit by the Commonwealth to have appellee adjudged a usurper and disqualified to act as a member of the Leslie County Board of Education. The trial Court dismissed the petition.

The issue is whether or not appellee completed the eighth grade in a common school as required by KRS 160.180. In support of his qualifications, he filed an affidavit of one Clay Huff, who stated he was a teacher in the Lower Trace Branch School during the school year 1932–33, and that appellee completed the eighth grade.

The Commonwealth introduced the Teacher's Daily Register, signed by Huff, which shows that appellee entered the seventh grade that year and that he had been in school six years prior thereto. The Record Book for the preceding year had a notation that he was then in the sixth grade. The General Record Book, which lists the names of elementary school graduates for the year 1932–33, does not list appellee's name.

The first question is whether or not the school-teacher's affidavit is conclusive of appellee's qualifications. Cases are cited by appellee in which this Court has recognized that eligibility may be established by a teacher's affidavit, without more. In the absence of contradictory proof, clearly this would be sufficient. It is, however, little short of absurd to say the affidavit is conclusive and the true facts may not be shown. We are concerned with appellee's qualifications, not the manner in which he may undertake to prove them. Certainly the Commonwealth may introduce evidence contradicting the affidavit.

The next question is whether or not the affidavit must have been attacked by some pleading of the Commonwealth. KRS 454.010 provides: "The execution or assignment of a writing on which a suit or defense is founded may be denied only by a pleading verified by oath."

The Commonwealth is not undertaking to deny the execution or assignment of the affidavit, and was not required to plead against it. The proof offered was on the eligibility of appellee, which is the sole issue in the case properly presented by the petition.

The last question concerns the conclusion to be drawn from the proof. Huff, who made the affidavit, testified and confirmed it. On the other hand, there are the records of the school which throw considerable question on the accuracy of his remembrance. Perhaps the strongest proof is that the Register Book for 1932–33, signed by Huff, shows the appellee was in the seventh grade. However, the correctness of this particular record, as well as others filed in evidence, is very much in doubt. The registers kept by the teachers exhibit a great number of inconsistencies, discrepancies and changes. A number of erasures appear with respect to grades entered and previous years in school.

The testimony of the superintendent, who was in office during the year when appellee allegedly completed the eighth grade, shows the records were not carefully kept and were not complete. For instance, she admits that one Elmer Howard had successfully completed the eighth grade in 1932–33, but his name, like appellee's, does not appear on the list of elementary school graduates for that year in the General Record Book. There is other evidence tending to prove appellee subsequently attended and earned credits in high school.

In view of the positive testimony of appellee and his former teacher, and in view of the apparent unreliability of the school records, we think the trial Court was justified in finding appellee had successfully completed the eighth grade and was, therefore, qualified to hold his office.

The judgment is affirmed.