**COMMONWEALTH of Kentucky on Relation of Jo M. FERGUSON, Attorney General of Kentucky, Appellant,**

**v.**

**Ray COFFEE, Appellee.**

Court of Appeals of Kentucky.

Oct. 31, 1958.

Rehearing Denied Dec. 18, 1959.

Jo M. Ferguson, Atty. Gen., Earl B. Rose, Beattyville, for appellant.

H. M. Shumate, Shumate & Shumate, Irvine, for appellee.

CULLEN, Commissioner.

On relation of the Attorney General, an action was brought to remove Ray Coffee from office as a member of the Jackson County Board of Education, on the ground that he did not meet the statutory qualification, under KRS 160.180(1) (c), of having an eighth grade education. Judgment was entered in favor of the defendant and the plaintiff has appealed.

The statute, KRS 160.180(1)(c), provides that the school board member may prove his educational qualification by any one of three methods, one of which is by "affidavits of the teacher or teachers under whom the work was completed." Coffee submitted in evidence an affidavit of Zola Bond to the effect that she was the sole teacher of the Egypt School in the year 1935–36 and that Ray Coffee was her pupil in the eighth grade that year; that Coffee completed all of the eighth grade subjects with passing grades; but that he was not promoted to high school because at that time the grade school teachers had no authority to promote to high school, it being required that an entrance examination be taken in order to enter high school.

The plaintiff proved that shortly before the election day in 1956, Coffee had filed with the county court clerk an affidavit of Jane Wilson, which stated that she was the eighth grade teacher at the Egypt School in 1935; that she, as teacher in that school in 1935–36 had Ray Coffee as one of her pupils in the eighth grade and that Coffee

satisfactorily completed all courses in the eighth grade and was passed with grades satisfactory to entitle him to a diploma. In attempting to explain the. apparent conflict between the two affidavits, Coffee testified:

"A. * * * I took it under both of them.

"Q. Both of them? In the same year?

"A. No, she wasn't allowed to teach the eighth grade.

"Q. You claimed at that time. you finished under Mrs. Wilson?

"A. I took it under both."

The plaintiff also introduced in evidence the school records of the Egypt School for the year 1935–36. These records (which do not carry the name of the teacher) show that school commenced on July 15, 1935 and ended on January 24, 1936; that Coffee attended school with reasonable regularity in July and August, and was given satisfactory monthly grades for those months; but during the months of September, October, November, December and January he attended school a total of only 7 days, and he was given no monthly grades for those months. The final sheet of the school records for the year in question carries a group of columns headed "Term Record" and another group headed "Promotion Record". Under the "Term Record" heading there is a column for each subject taught, with a space for indicating the term grade. Opposite Coffee's name in these columns there are listed grades of passing quality. Under the "Promotion Record" heading there is a group of two columns designed to permit a "Yes" or "No" answer to the question, "Was Pupil Promoted?" Opposite Coffee's name there is a check mark in the "No" column. There is also a column in which to indicate the "Grade Recommended for Next Year." In this column, opposite Coffee's name, appears the figure "8."

The school record thus appears to show that Coffee was not promoted and that the teacher recommended he retake the eighth grade. The record also shows that he attended school only 32 days during the entire year. Coffee seeks to explain the lack of promotion by pointing out that under the school regulations then in force the teacher could not make a promotion to high school, since a high school entrance examination was required. He also argues that the fact that the figure "8" was entered in the column headed "Grade Recommended for Next Year" does not mean that the teacher was recommending that he retake the eighth grade, because the same figure was entered opposite the names of all five of the students who were in the eighth grade that year. He further points to the fact that satisfactory grades were entered opposite his name in the "Term Record."

It is obvious from the foregoing recitation of the evidence that the question of whether Coffee satisfactorily passed the eighth grade is one of considerable doubt. There are conflicting affidavits of two teachers, each of whom claims she was the sole teacher of Coffee in the eighth grade. The school records show passing grades, but also show that he did not attend school regularly enough so that normally he would be entitled to pass. The entries under the "Promotion Record" heading seem to indicate that he did not pass.

As we interpret the statute in question, it indicates a declaration of legislative policy that the qualification of having an eighth grade education be established to a reasonable satisfaction. The requirement is a stringent one, and the statutory provisions as to the methods of proof are mandatory. Commonwealth ex rel. Meredith v. Norfleet, 272 Ky. 800, 115 S.W.2d 353. The burden rests upon the board member to establish his eligibility. Commonwealth, by Funk v. Clark, 311 Ky. 710, 225 S.W.2d 118; Commonwealth ex rel. Buckman v. Preece, Ky., 257 S.W.2d 51. A teacher's affidavit is the weakest kind of proof, Commonwealth, by Funk v. Clark, supra, and its value must be considered in

the light of the other evidence, Commonwealth ex rel. Buckman v. Preece, supra.

It is our opinion that Coffee failed to meet the burden of establishing his educational qualification to a reasonable satisfaction, and that the trial court erred in holding otherwise.

The judgment is reversed, with directions to enter judgment removing Coffee from office.

BIRD, J., not sitting.