COMMONWEALTH of Kentucky on Relation
of John B. BRECKINRIDGE, Attorney
General of Kentucky, Appellant,

v.

Willie KING, Appellee.

Court of Appeals of Kentucky.

Feb. 10, 1961.

Shumate & Shumate, Irvine, for appellant.

Rose & Short, Beattyville, for appellee.

WADDILL, Commissioner.

Appellant, Commonwealth of Kentucky, brought this proceeding on relation of its Attorney General to oust appellee as a member of the Board of Education of Jackson County. It was alleged that appellee was ineligible to serve as a member of the board of education inasmuch as he failed to meet the statutory qualifications: (1) Under KRS 160.180(1) (c) of having an eighth grade education, and (2) under KRS 160.180(1) (e) by being employed by the board at the time of his election. The trial judge found that appellee had successfully completed the eighth grade and was not employed by the board at the time of his election. Appellant urges that these findings are not supported by the evidence.

As proof of his educational qualifications, appellee filed an affidavit of Clarence McDaniel which stated that he was the teacher at the Mount Olive School in Laurel County for the school year 1931–1932 and that the appellee was his pupil and successfully completed the eighth grade.

The present Superintendent of Schools of Laurel County testified that the eighth grade was taught at Mount Olive in 1931–1932 and that Clarence McDaniel was the teacher. He stated that the teacher's record was missing for that year but the previous year's record reflected that appellee completed the seventh grade. He testified further that it was then the practice to ask eighth grade students to take an examination which, if passed, entitled them to a certificate showing they had completed the eighth grade

To discredit the proof of appellee's having successfully completed the eighth grade it was shown that he enrolled in the seventh grade in a rural Jackson County School for the school year 1932–1933 even though there was evidence that the eighth grade

was being taught there at that time. However, appellee explained this peculiar procedure by claiming that, while he desired to enter high school, his lack of finances as well as the remoteness of an available high school prevented him from achieving his desire for furthering his education. Appellee stated further that the Jackson County School was near his home and that the seventh grade was the highest grade being taught when he attended that school.

We have held that eligibility may be established by a teacher's affidavit. While an affidavit of a teacher is the weakest kind of proof to satisfy the requirement of educational qualification under KRS 160.-180(1) (c), nevertheless, in the absence of contradiction it is sufficient for this purpose. Commonwealth by Funk v. Sizemore, Ky., 243 S.W.2d 671; Commonwealth of Kentucky on Relation of Ferguson v. Coffee, Ky., 329 S.W.2d 203.

■■ Viewing the evidence in the instant case we find nothing that contradicts the teacher's affidavit. Furthermore, KRS 160.180(1) (c) does not require that a board member possess a certificate showing that he has successfully completed the eighth grade. It is sufficient if the member of the school board proves that he completed the required curriculum for the eighth grade. Neither the failure to produce a certificate nor the fact that appellee enrolled in the seventh grade after having completed the eighth grade is sufficient to overcome the probative value of the statements contained in his teacher's affidavit that appellee successfully completed the eighth grade.

■ The basis of appellant's second contention is that appellee was under contract by the school board as a bus driver at the time of his election November 4, 1958. There was testimony that a check was issued by the board of education to appellee in payment for his services as school bus operator for the month of November. However, this check was returned to the board and its secretary reissued it and made it payable to the man who replaced appellee as bus driver. Appellee testified that he had submitted his resignation as bus operator on November 1, 1958. There is testimony that it was not received by the board until December. However, the resignation is dated November 1, and the record of the board shows that appellee's resignation as bus driver was unanimously accepted as of the first day of November.

We have concluded that there was sufficient proof to support the findings of the trial judge that appellee was legally qualified to hold the office of member of the Board of Education of Jackson County.

Judgment affirmed.

BIRD, C. J., not sitting.